Kutchera vs. Goodwillie and another.

KUTCHERA, by guardian *ad litem*, Respondent, vs. GOODWILLIE and another, Appellants.

*May 5 — May 22, 1896.*

*Master and servant: Personal injuries: Special verdict: Negligence: Proximate cause: Employment of minor.*

1. In an action for personal injuries sustained by a boy eleven years old whose hand was caught and injured by the knives of a planer at which he was working in defendants' factory, a special verdict finding that defendants ought to have known or anticipated the danger of his slipping and getting his hand into the knives of the planer, but not finding that he did slip or, if he did, that such

Kutchera vs. Goodwillie and another.

slipping was caused by defendants' want of ordinary care, and not containing any direct finding of negligence on the part of defendants, much less that such negligence was the proximate cause of the injury, is *held* insufficient to support a judgment in plaintiff's favor. *Kucera v. Merrill L. Co.* 91 Wis. 637, followed.

2. The mere employment of a boy under twelve years of age in a factory, contrary to sec. 1728, S. & B. Ann. Stats., is not such negligence as renders the employer liable for injuries received by the boy while so employed.

APPEAL from a judgment of the circuit court for Marathon county: CHAS. V. BARDEEN, Circuit Judge. *Reversed.*

For the appellants there were separate briefs by *Mylrea, Marchetti & Bird*, attorneys, and *Gabe Bouck*, of counsel, and oral argument by *W. H. Mylrea* and *Mr. Bouck.*

For the respondent there was a brief by *Bump, Kreutzer & Rosenberry*, and oral argument by *E. L. Bump* and *A. L. Kreutzer.* They contended, *inter alia*, that if defendants had not violated sec. 1728, S. & B. Ann. Stats., and had not employed or allowed plaintiff to work in their factory, he certainly would not have been injured there; and this violation of the duty imposed by law was negligence on the part of defendants and was the proximate cause of the injury. *Smith v. Milwaukee B. & T. Exchange*, 91 Wis. 360, and cases cited; 1 Wait, Act. & Def. 133; *Piper v. C., M. & St. P. R. Co.* 77 Wis. 247, 254; *Evans v. Waite*, 83 id. 286; *Bott v. Pratt*, 33 Minn. 323; *Osborne v. McMasters*, 40 id. 103; *Mueller v. Milwaukee St. R. Co.* 86 Wis. 340; Bishop, Non-Contract Law, § 132.

CASSODAY, C. J. In January, 1894, the defendants owned and operated a box factory in Wausau. There was a pony planer in that factory, the knives being attached to a cylinder which made about 3,500 revolutions per minute when in operation. These knives were uncovered, except a bonnet projected over the center of the knife shaft. The pieces of boards which came through the planer under the knives

Kutchera vs. Goodwillie and another.

came out upon the bedplate and a table. The table was four feet long, two feet high, and two feet wide. The gearing projected sixteen and one-half inches outside of the frame. The bedplate was eleven inches above the table, and the top knives sixteen and one-half inches above the table. The plaintiff was injured January 25, 1894. He had worked at the planer one and one-half days at the time. In doing such work he stood on the south side of the table, and facing it and the north. The boards were placed in the planer on the east side of it, and came out on the west side, and fell onto the table; and it was the business of the plaintiff, who was at the time less than eleven years old, to take away the pieces of boards as they dropped from the planer onto the table. While so at work, the plaintiff's right hand was caught and drawn in by the knives of the planer, so as to make amputation below the elbow necessary. This action was brought to recover damages for such injury. The answer consists of admissions and denials.

At the close of the trial the jury returned a special verdict to the effect that the defendants ought reasonably to have known or anticipated that there was danger to a workman of the age, intelligence, and experience of the plaintiff, while exercising ordinary care, of slipping and getting his hand into the knives of the planer while in the performance of his duties at such machine; that the plaintiff did not know and understand, nor ought he, in the exercise of ordinary care, to have known and understood, the risks and dangers to him from the machine in question while in the performance of his duties, taking into consideration his age, experience, and understanding; that the plaintiff was injured while acting in the line of his employment; that the plaintiff was not guilty of any want of ordinary care at the time of the accident, which contributed to the injury; that the plaintiff sustained damages by reason of his injury to the amount of $3,500. From the judgment entered thereon

accordingly, pursuant to the order of the court, the defendants bring this appeal.

The special verdict in this case is quite similar to the special verdict in *Kucera v. Merrill L. Co.* 91 Wis. 637. For the reasons given by Mr. Justice WINSLOW in that case, we must hold that the verdict is insufficient in this case. There is no direct finding of negligence on the part of the defendants; much less that such negligence was the proximate cause of the injury. One of the principal acts of negligence which the defendants are charged with being guilty of is the employment of the plaintiff while under twelve years of age, and allowing him to work in their factory, contrary to the statute. S. & B. Ann. Stats. sec. 1728. Another act of negligence charged is the putting the plaintiff at work at the machine mentioned, without proper instructions and warnings as to his duties and the dangers. While the employment of the boy in the factory may have subjected the defendants to the penalty prescribed in the statute, yet it does not follow that such mere employment and presence of the boy in the factory constituted actionable negligence. While the jury find that the defendants ought to have known or anticipated danger of the boy slipping and getting his hand into the knives of the planer while working in the factory in the exercise of ordinary care, yet they fail to find that he did slip, or, if he did, that such slipping was caused by the defendants' want of ordinary care, or whether such slipping, or the want of ordinary care of the defendants to guard the knives or other machinery, or to instruct or warn the plaintiff of his duties and dangers, was the proximate cause of the injury. The special verdict fails to determine all the vital issues in the case, and hence is insufficient to support the judgment. *McGowan v. C. & N. W. R. Co.* 91 Wis. 155; *Davis v. C., M. & St. P. R. Co., post,* p. 470.

Counsel contend that the undisputed facts, in connection with the verdict, are sufficient to support the judgment. "It

has been aptly said that 'negligence, in one sense, is a quality attaching to acts, dependent upon and arising out of the duties and relations of the parties concerned, and is as much a fact to be found by the jury as the alleged acts to which it attaches by virtue of such duties and relations.' . . . When such facts and circumstances, though undisputed, are ambiguous and of such a nature that reasonable men, unaffected by bias or prejudice, may disagree as to the inference or conclusion to be drawn from them, then the case should be submitted to the jury." *Kaples v. Orth*, 61 Wis. 533. We cannot hold that the verdict and the undisputed evidence support the judgment.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.

For a note on the denial of liability for negligence in failing to take precautions required by statute, on the ground that they would have been insufficient to prevent injury, see *Sowles v. Moore* (65 Vt. 322) in 21 L. R. A. 723.—REP.