Klatt vs. The N. C. Foster Lumber Co.

KLATT, by guardian *ad litem*, Respondent, vs. THE N. C. FOSTER LUMBER COMPANY, Appellant.

*November 16 — December 10, 1897.*

| 97 | 641 |
|----|-----|
| 99 | 39 |
| 97 | 641 |
| 104 | 479 |
| 104 | 654 |
| 97 | 641 |
| 110 | 359 |

*Appeal: Res adjudicata: Injury to employee: Negligence in respect to guarding machinery: Practice, evidence affecting credibility: Instructions.*

1. Upon a second appeal, where the evidence is substantially the same as on the former appeal, a decision that the evidence at the first trial was sufficient to carry all the issues in the case to the jury will be held conclusive and not be reconsidered.

2. In a case where all the questions essential to the plaintiff's right of recovery were submitted to the jury for a special verdict, and each of the answers to such questions had some evidence to sustain it, and no reversible error is found in the record, the ruling of the court below in refusing a new trial will not be reversed on appeal.

3. It is not error, in a case where the questions submitted to the jury covered all the issuable facts, to refuse to give instructions which are not directed to particular points but generally to some branch of the law applicable to the case.

4. An instruction, in an action for a personal injury to a minor by the negligence of his employer in respect to guarding dangerous machinery, that "ordinary care," as used in regard to the issue as to plaintiff's contributory negligence, refers to such care as minors of plaintiff's age, intelligence, and experience usually used under similar circumstances, is not objectionable because of its limitation of the care required to that usually exercised by such minors.

5. Where gearing to machinery is so located as to be dangerous to those employéd about it when engaged in their ordinary duties, our statute requires it to be securely guarded, and a failure on the part of the employer to properly guard it is negligence which will render him liable to an employee who is injured thereby without contributory negligence on his part.

6. Where a statute imposes a duty upon a certain class of persons to guard the personal safety of others, a failure to perform that duty constitutes actionable negligence, and renders the person guilty thereof liable to a person intended to be protected who is injured by such negligence without contributory negligence on his part; and the fact that a penalty is imposed by the same statute for non-compliance therewith does not deprive the person injured of his action for such negligence, unless the penalty is expressly given to him for compensation.

7. It was not error, in an action for an injury to an employee caused by unguarded machinery, to instruct the jury that there was a conflict of evidence as to whether there was a cleat on the floor to prevent the plaintiff from slipping against such machinery at the time when he was injured, and that they should consider and determine from all the evidence whether the defendant exercised the degree of care usually exercised under like circumstances to guard dangerous machinery. The absence of the guard, when required by statute, is negligence *per se.*

8. Upon cross-examination of a witness for the defendant who has testified to a conversation had by him with the plaintiff about the circumstances of the injury sued for, it is proper to show that he was employed by the defendant to have such conversation, as affecting the weight of his evidence; and that is not rendered improper by the fact that the connection of the witness with the case had ceased before he testified.

APPEAL from a judgment of the circuit court for La Crosse county: O. B. WYMAN, Circuit Judge. *Affirmed.*

Action to recover for personal injuries alleged to have been received by plaintiff while in the employ of the defendant, through failure of duty on the part of the latter to furnish the former with a reasonably safe place in which to work.

The facts relied upon by plaintiff were that plaintiff was an infant, seventeen years of age, and did not know, and on account of his age and inexperience was not able to appre-

ciate, the dangers to which he was exposed; that such dangers were well known to defendant, but that it did not inform or instruct plaintiff in regard thereto; that plaintiff was put to work beside a constantly moving, exposed elevator chain and a carrying chain, at a point where the two met on the surface of the floor and ran over a sprocket wheel that projected just above the surface of the floor; that there were several chains running parallel with each other along the surface of the floor, to move slabs and other material; that at the point where they met the material was projected onto the elevator chains, which carried the material up to the height of an ordinary working table and to a point where needed for further operations; that plaintiff stood in a place about five feet long and three feet wide, facing a table along which material was conveyed; that his duty was, as such material reached a point in front of him, to pull it off to the left onto the elevator chains; that in doing such work it was necessary for him to stand with his feet close up to the sprocket wheel that projected above the surface of the floor; that there was no protection to prevent his feet from getting into the wheel and chain; that while he was at work the chain nearest to him broke, which prevented the material from being carried up on the elevator chain regularly, and required him to do a large amount of extra work to keep such material in place on the remaining chains; that soon after the break occurred plaintiff notified defendant, whereupon plaintiff was directed to resume his work, and promised that the broken chain would be speedily repaired; that plaintiff returned to his work, and soon after his foot slipped on the floor and was caught by the chain and hooks thereon, and severely injured, the toes and a part of the foot being torn off.

The jury found: (1) That the plaintiff did not voluntarily assume the position where he was injured; (2) that plaintiff exercised the same care as other persons of ordinary care,

under like circumstances; (3) that defendant did not exercise ordinary care to maintain the machinery in a reasonably safe condition; (4) the result might have been reasonably anticipated by defendant; (5) plaintiff was not of sufficient age or experience to appreciate the danger; (6) defendant knew of that fact; (7) the dangers were not such as would be apparent to a person of ordinary care, with the knowledge plaintiff had; (8) plaintiff could not, by the exercise of ordinary care, have learned of the danger; (9) plaintiff was not guilty of contributory negligence; (10) $3,000 will be required to compensate plaintiff for his injuries; (11) the injuries were not the result of mere accident.

There was a motion for a nonsuit, overruled and excepted to, some exceptions to refusals to instruct the jury as requested, and exceptions to the instructions that were given by the court. A motion to set aside the verdict and grant a new trial was overruled and excepted to. Judgment was entered in plaintiff's favor on the special verdict, and defendant appealed.

For the appellant there was a brief by *Losey & Woodward,* and oral argument by *G. M. Woodward.*

For the respondent there was a brief by *Doolittle & Shoemaker,* and oral argument by *L. A. Doolittle.*

MARSHALL, J. Error is assigned on the refusal of the trial court to grant defendant's motion for a nonsuit and also its motion to direct a verdict. On a former appeal in this case a judgment in plaintiff's favor was reversed and the cause remanded for a new trial. [92 Wis. 622]. The evidence was the same, substantially, then as now. The question of whether the evidence on such former appeal showed conclusively contributory negligence of plaintiff was raised but not discussed in the opinion, though it is considered that the decision was, in effect, that the evidence was sufficient to carry the case to the jury on all the issuable facts as to

plaintiff's cause of action. It follows that, the evidence being the same on this appeal, the question of whether there was sufficient evidence to warrant submission of the case to the jury must be considered foreclosed by the former decision, and that the ruling on the motion for a nonsuit, and the motion for the direction of a verdict as well, cannot be disturbed.

Error is assigned on the refusal of the court to instruct the jury as follows: " You cannot find that the defendant was negligent merely because of its failure to provide a partition, guard, contrivance, or appliance between the sprocket wheel and chain, on which plaintiff was injured, and the place where he worked," and because the court instructed the jury to the effect that there was a conflict in the testimony in respect to whether there was a cleat at the side of the chain and sprocket wheel at the time of the accident, and that the jury should consider all the evidence as to the construction and situation of the machinery and premises, and determine from all the evidence whether defendant exercised the same degree of care as was usually exercised under similar circumstances in respect to the safety of the machinery where plaintiff was at work. We are unable to say that error was committed by the rulings referred to. It is not clear from the evidence that ordinary care, under the circumstances, did not require some protection to guard against the danger of employees, circumstanced as plaintiff was, getting their feet caught in the chain and sprocket wheel. So we cannot say, as a matter of law, that the omission of such guard was not negligence.

The statute of this state requires all gearing so located as to be dangerous to employees when engaged in their ordinary duties to be securely guarded so as to be safe to such employees in such employment. If the sprocket wheel was so located as to be dangerous to plaintiff while engaged in his ordinary duties, unless guarded in some proper way, then

the statute applies and the absence of the guard was negligence *per se.* This court has distinctly held that where the law requires some particular thing to be done by a person to guard the personal safety of others, a failure to perform the duty so imposed constitutes actionable negligence at the suit of a person of that class, injured by such failure of duty, without contributory negligence on his part. *Smith v. Milwaukee B. & T. Exchange,* 91 Wis. 360. The fact that a penalty is imposed, by the law requiring the performance of the duty, for non-compliance therewith, makes no difference, unless the penalty be expressly given to the party injured in satisfaction of such injury. In Wharton on Negligence (§ 443) the rule is stated thus: "Where a statute requires an act to be done or abstained from by one person for the benefit of another, then an action lies in the latter's favor against the former for neglect in such act or abstinence, even though the statute gives no special remedy. The imposition of a penalty by the statute does not take the place of the remedy by suit for negligence, unless the penalty be given to the party injured in satisfaction for the injury." In support of that numerous authorities are cited by the author. The doctrine was early sanctioned by this court, and has been adhered to in a long line of decisions. In *McCall v. Chamberlain,* 13 Wis. 637, Mr. Justice PAINE, in discussing the subject, said, in effect, that it is a general principle that where the law imposes upon any person a specific duty for the protection or benefit of others, if he neglects to perform that duty he is liable to those for whose benefit it was imposed, for any damages sustained by reason of such neglect. To the same effect are *Dunnigan v. C. & N. W. R. Co.* 18 Wis. 28; *Atkinson v. Goodrich Transp. Co.* 60 Wis. 141; and *Toutloff v. Green Bay,* 91 Wis. 490.

Citation of authorities outside our own state, to support a principle so well established, is hardly necessary, though, as the rule appears to be challenged here by eminent coun-

sel, we will refer to a few leading authorities elsewhere on the subject. The rule laid down by Lord CAMPBELL in *Couch v. Steel*, 3 El. & Bl. 402, is usually cited by text writers as covering the subject, and it has been generally adopted in this country as the correct doctrine. It is to the effect that in every case where a statute enacts or prohibits a thing for the benefit of a person, he has a remedy upon the same statute for the thing enacted for his advantage, or for a recompense for the wrong done to him contrary to law, and independent of any penalty recoverable by the public for the offense. In *Hayes v. M. C. R. Co.* 111 U. S. 228, Mr. Justice MATTHEWS, speaking on the same subject, said, in effect, such an imposed duty is due, not to the municipality as such, but to the public as individuals, and each person specially injured by the breach of the obligation is entitled to his individual compensation and to an action for its recovery. To the same effect is *Union P. R. Co. v. McDonald,* 152 U. S. 262. True, it is sometimes said that the omission of a statutory duty is not negligence *per se*, but only evidence of negligence. That rule applies only where the injury caused is not within the scope intended to be guarded against by the statutory requirement, as in cases of injuries to persons, contributed to by failure to fence railway tracks, the primary purpose of which is to prevent injuries to cattle and other domestic animals. *Schmidt v. M. & St. P. R. Co.* 23 Wis. 186. In *Union P. R. Co. v. McDonald, supra,* and *Hayes v. M. C. R. Co., supra,* the distinction is clearly pointed out between cases where omission of a statutory duty is negligence *per se*, and where evidence of negligence only.

Error is assigned on the refusal of the trial court to instruct the jury as follows: "If the plaintiff could prior to the accident, by the exercise of ordinary care, have apprehended the dangers incident to his employment, then your verdict should be for the defendant." The questions submitted for the special verdict cover all the issuable facts;

therefore the refusal of instructions requested not directed to particular questions, but generally, on some branch of the law of negligence applicable to the case, cannot be successfully assigned as error. *Burns v. North Chicago Rolling Mill Co.* 60 Wis. 541. The request in question seems to come within that rule.

The eighth interrogatory covers the subject of whether the dangers to which plaintiff was exposed were such as would ordinarily be apparent to a person circumstanced as he was and having the knowledge and experience he possessed. In regard thereto the court informed the jury that it related to the issue of contributory negligence, and instructed them, in regard to the term "ordinary care" as used in the question, that it referred to such care as minors of plaintiff's age and intelligence and experience usually used under similar circumstances. No objection was raised to the question itself, but it is claimed that the instruction improperly limited it to minors of the age and intelligence of plaintiff. We are unable to sustain this contention. The language of the instruction was strictly accurate as a statement of a proposition of law applicable to the case, and was a proper explanation of the question. It confined the inquiry to the care ordinarily exercised by persons of plaintiff's age and intelligence, with his experience and his knowledge, circumstanced in all respects as he was at the time of the injury. That fenced the inquiry in so as to confine it to the particular case the jury were called upon to determine on the evidence.

Mr. V. W. James, a witness for defendant, having testified to a conversation he had with plaintiff about the circumstances of the latter's injury, was asked on cross-examination in respect to who employed him to interview the plaintiff, and in respect to the witness' connection with the case at that time. The question was objected to and the objection overruled. That is assigned as error. It was

proper to show on cross-examination that the witness, at the time he claimed to have conversed with plaintiff, was interested on the side of the defendant, as bearing on the credibility and weight of his evidence. The fact that his connection with the case ceased before the trial was proper for the consideration of the jury in determining to what extent, if any, his connection with the case at the time in question impaired the weight of his evidence, but did not render the admission of the evidence improper.

Error is further assigned on the denial of defendant's motion to set aside the verdict and for a new trial, but we are unable to find any reason for disturbing the ruling on such motion. All the questions essential to plaintiff's right of recovery were submitted to the jury in the special verdict. There is some evidence to sustain each of the answers to such questions, and no reversible error is found in the record.

*By the Court.*— The judgment of the circuit court is affirmed.