GOODWILLIE and another, Appellants, vs. THE LONDON GUARANTEE & ACCIDENT COMPANY, Respondent.

*November 1 — November 16, 1900.*

*Insurance against employer's liability: Injury to minor illegally employed: Construction of policy.*

A policy, insuring against liability on account of any injuries sustained by employees of the assured resulting from an accident happening to such employee while engaged in the service of the assured in connection with a certain factory, provided that "if any child is illegally employed on the work of the assured, the company will not be liable for any injuries which may be thereby sustained or occasioned." *Held,* that no recovery could be had thereunder for an injury to a child under twelve years old employed in violation of sec. 1728a, Stats. 1898, even though the injury was not the proximate result of the illegal employment.

Goodwillie and another vs. The London Guarantee & Accident Co.

APPEAL from a judgment of the circuit court for Marathon county: CHAS. V. BARDEEN, Circuit Judge. *Affirmed.*

This is an action upon a policy of indemnity insurance. The complaint, after alleging the copartnership of the plaintiffs, and the fact that as such copartners they were engaged in the operation of a box manufactory at Wausau, and after alleging the corporate character of the defendant, and the fact that it was licensed to do business in the state of Wisconsin as an insurance corporation, stated the following facts, in substance:

On the 28th day of November, 1893, the defendant, for a valuable consideration, executed and delivered to the plaintiffs its policy of insurance, whereby it insured the plaintiffs for a period of one year against any liability for damages (not exceeding $1,500), on account of any injuries sustained by any employee of the plaintiffs, resulting from any accident which might befall such employee while actively engaged in the service of the plaintiffs in connection with said box factory. Said policy also contained a further condition, upon the back thereof, "If any child is illegally employed on the work of the assured, the company will not be liable for any injuries which may be thereby sustained or occasioned." On the 25th of January, 1894, one Peter Kutchera, an employee of the plaintiffs in said box factory, under the age of twelve years, but supposed by plaintiffs to be over the age of fourteen years, was severely injured by an accident while actively engaged in the plaintiffs' service in said factory, and immediately made claim against the plaintiffs for damages by reason of such injury. Immediate notice was given to said defendant of such injury, and satisfactory proofs thereof were duly furnished in accordance with the terms of the policy. The defendant, however, denied and disclaimed any liability by reason of said accident, and still insists on such denial. Said Kutchera thereafter commenced an action in the proper court against the plaint-

iffs on account of such injury, and that the plaintiffs tendered the defense thereof to the defendant, but the defendant declined to defend said action and compelled the plaintiffs to defend the same at their own expense, which expense amounted to the sum of $671.24 over and above taxed costs, which sum was paid by the plaintiffs before the commencement of this action. Said action was tried upon the merits, and resulted in a verdict and judgment in favor of said Kutchera for $3,500 and costs. The defendant, upon notification of such verdict, again refused to pay the amount of the policy or defend said action. Said action was appealed to the supreme court of the state of Wisconsin, and reversed on the ground that the verdict did not sufficiently cover the question of negligence involved. *Kutchera v. Goodwillie,* 93 Wis. 448. The plaintiffs on such appeal insisted that no negligence on their part was shown, but the supreme court, upon reversal of said action, held that there was sufficient evidence on the question of the plaintiffs' negligence to be submitted to the jury and to sustain a judgment in favor of said Kutchera against the plaintiffs, providing the jury should find such negligence. Thereafter the plaintiffs on advice of their counsel, after a full and fair statement of the case, settled said claim of said Kutchera for the sum of $2,000, having previously notified the defendant of the opportunity of making said settlement, and of their belief in the wisdom thereof, and requested said defendant to join with them therein. The plaintiffs have fully performed all the conditions of said contract on their part, but the defendant has refused to perform its part thereof, by refusing to pay the amount due on such policy, or any part thereof. The defendant has always based its denial of liability upon the specific ground that the policy did not cover the accident in question, for the reason that Kutchera was employed by the plaintiffs contrary to the agreement or condition hereinbefore set forth respecting the illegal em-

ployment of a child.   As matter of fact, Kutchera had a good and valid cause of action against the plaintiffs for the injuries sustained by him, based upon the negligence of said plaintiffs in other respects than the fact that he was employed while under the statutory age.   The supreme court held in said action that Kutchera's injury was not proximately caused by such illegal employment, which adjudication has not been changed or reversed.

Upon the opening of the trial in the circuit court the defendant objected to the introduction of any evidence under the complaint, for the reason that the complaint did not state facts sufficient to constitute a cause of action.   This objection was sustained, and, the plaintiffs declining to amend their complaint, judgment was entered dismissing the complaint with costs, from which judgment the plaintiffs appeal.

For the appellants there was a brief by *Mylrea & Bird*, and oral argument by *C. B. Bird*.

For the respondent there was a brief by *Bump, Kreutzer & Rosenberry* and *C. H. Van Alstine*, and oral argument by *Mr. Van Alstine*.

WINSLOW, J.   Our statute (sec. 1728a, Stats. 1898) prohibits, under penalty of a fine, the employment of a child under the age of fourteen years in any factory or workshop, except that, if a prescribed permit be obtained from the county judge, the employment of a child over twelve years of age is allowed.   It appears by the complaint that the child who was injured in the present case was under twelve years of age, and received his injuries as the result of negligence on the part of the plaintiffs, and the question presented is whether the defendant's policy of insurance covers the liability of the plaintiffs for such injuries.

There are but two clauses of the policy which are material to be considered upon this inquiry.   They must, upon fa-

miliar principles, be construed together, and for convenience may properly be placed in juxtaposition. So placing them, the provisions in question are to the effect that the defendant insures the plaintiffs in a sum not exceeding $1,500 against liability on account of any injuries sustained by any of plaintiffs' employees resulting from an accident happening to such employee while engaged in the plaintiffs' service in connection with the box factory, *provided* that, "if any child is illegally employed on the work of the assured, the company will not be liable for any injuries which may be thereby sustained or occasioned." The question is, What do these clauses mean? The plaintiffs' claim is that by these provisions the defendant insured the plaintiffs against liability for injuries to any employee, whether legally or illegally employed, except such injuries as were proximately caused by the illegality of the employment. Is this the proper construction of the contract?

In considering this question, it must be taken as certain that the proviso as to the illegal employment of children was intended as a substantial limitation of the previous promise of indemnity, and not as an enlargement thereof. This is self-evident. It is also unquestionable, as a legal proposition, that, in a case of a doubtful or ambiguous clause in a contract, that construction should be given to it which will be in harmony with law, rather than a construction which contemplates a violation thereof in order to give it effect. The clause in question is plainly an ambiguous one, and not happily expressed. In the popular and nontechnical sense, any injury happening to a boy under twelve years of age who is employed in a shop, or any injury happening to another employee on account of the boy's negligence or youth, is an injury occasioned by the illegal employment of the boy. In other words the injury would not have resulted had the boy not been employed. But in the technical and strictly legal sense an injury happening to such a boy or to

another employee through the agency of the boy is not "occasioned" by the illegal employment of the boy unless the injury is the "proximate" result of the illegal employment. It is quite difficult to understand how the mere fact of the illegality of the boy's employment could be the proximate cause of any injury happening to the boy himself. It seems very evident that, if a boy less than twelve years of age is hurt by a defective machine, an unprotected shaft, or through lack of necessary warning, the proximate cause of the injury will ordinarily be the negligent use of the defective machine, or the unprotected shaft, or the negligent failure to warn, and not the mere fact that the law prohibited his employment. *Kutchera v. Goodwillie,* 93 Wis. 448. We do not say that cases may not arise where an injury to such a boy may not be properly held to be proximately caused by the fact of the illegal employment, but certainly in the majority of cases of injury the proximate cause would undoubtedly consist in some act of negligence occurring after the employment and independent of the fact of its illegality. If this be so, then the construction which is insisted upon by the appellants renders the limitation of liability substantially no limitation, but, on the other hand, makes it an affirmative declaration of liability for injuries happening to a boy whose very presence as an employee in the shop is prohibited by law. In other words, the supposed limitation becomes in fact no limitation as respects injuries to the boy himself, but, rather, a promise of protection in case of the violation of law. The clause should be given a meaning in accordance with the evident intention, if the language used will reasonably admit of such a meaning; and it should be given a meaning which will harmonize with the policy of the statutes, rather than one which contemplates a violation of the statutes.

With these principles in view, we can entertain no doubt that the meaning of the clause in question which was in-

tended by the parties, and which should be given to it by the courts, is the popular meaning as distinguished from the purely technical legal meaning. So construed, all difficulties disappear. The clause becomes a substantial limitation, as undoubtedly intended by the parties; and it encourages no violation of law, but, rather, discourages it.

In this view of the case, it becomes unnecessary to consider the serious and perhaps doubtful question which was debated on the argument, namely, whether the clause in question would be void on the ground of public policy if given the construction claimed for it by appellants.

*By the Court.*— Judgment affirmed.

