SHARON, by guardian ad litem, Respondent, vs. WINNEBAGO FURNITURE MANUFACTURING COMPANY, Appellant.

November 13, 1909—January 11, 1910.

Master and servant: Unlawful employment of minor: Injury: Negligence per se: Proximate cause: Damages: Instructions to jury.

1. The employment of a boy under the age of sixteen years in operating a circular saw, in violation of sec. 1728a, Stats. (Laws of 1907, ch. 523), is negligence as a matter of law.
2. Where as a result of such employment the boy is injured, the negligence of the employer is the proximate cause of the injury as a matter of law, the statute itself establishing the fact that some injury should reasonably be anticipated as a natural and probable result of its violation.
3. A finding by the jury in such a case that a defect in the saw was the proximate cause of the injury, is immaterial.
4. In an action for injuries to a minor, a charge authorizing the jury to assess damages to compensate him for resulting diminution in his earning capacity was not prejudicially erroneous, in the absence of a request for more specific instructions, even though plaintiff was not entitled to his earnings during minority.

APPEAL from a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge.   Affirmed.

This action was brought by an infant under sixteen years

of age through his guardian to recover for personal injuries. The complaint alleges that the plaintiff was under sixteen years of age, but had a written permit from the county judge pursuant to sec. 1, ch. 349, Laws of 1903, and that on the 4th day of November, 1907, plaintiff was directed and permitted to operate a ripsaw contrary to the laws of the state; that the machine had negligently been allowed to become unsafe and out of order, in that the gauge was defectively fastened and loose so that it moved and swerved sideways, thereby not holding the lumber securely; that the machine was without any split guard or device to prevent the teeth of the saw from catching pieces of lumber while being sawed; and that defendant negligently failed to warn or instruct plaintiff of the dangers of operating the machine.

At the close of the plaintiff's evidence defendant moved for a nonsuit, and at the close of all the evidence moved for a directed verdict, which motions were denied. Defendant requested that the court submit as part of the special verdict the following question: "Was the injury to plaintiff one the cause of which the jury is unable to determine from the credible evidence?" which request was denied. The jury returned the following verdict:

"(1) Was the gauge of the saw table at which plaintiff was injured loose and insecure at the time of the injury to such an extent as to swerve sidewise and thereby fail to keep panels of the size at the time being sawed in proper position while being run through the machine? A. Yes.

"(2) If to the above question you answer 'Yes,' then did the defendant use ordinary care in permitting the gauge to be at the time in the condition found? A. No.

"(3) Did the plaintiff, by pushing downward and towards his right with the fingers of both hands on the panel he was pushing at the time he was injured and when said panel was ripped nearly through, cause the gauge to swerve so as to 'pinch' or bind said panel between the gauge and the saw to such an extent as to produce the injury complained of? A. Yes.

"(4) Did the defendant's foreman give to the plaintiff sufficient instructions as to how to run the panels through the saw at or before the time of the injury? *A.* No.

"(5) If to the above question you answer 'No,' then did the defendant's foreman use ordinary care in not instructing him more fully before setting him at said work? *A.* No.

"(6) Did the defendant's foreman use ordinary care in setting the plaintiff at work at the saw on which he was injured in view of his age? *A.* No.

"(7) If to questions No. 2, 5, or 6 you answer 'No,' then was the want of ordinary care thus found the proximate cause of the plaintiff's injury? *A.* Yes.

"(8) If to the above question you answer 'Yes,' then which was the proximate cause of the injury?

"(a) The looseness of the gauge. ✕

"(b) Or the failure to give sufficient instructions.

"(c) Or setting a boy of his age at work at the saw.

"(9) Was there any want of ordinary care on plaintiff's part that contributed to produce his injury? *A.* No.

"(10) What sum will compensate the plaintiff for the injury sustained? *A.* $750."

The defendant made the usual motions for judgment and to change the answers to the questions in the special verdict and for judgment notwithstanding the verdict and to set the verdict aside and for a new trial, which motions were denied, except that the court changed the answer to the third question of the special verdict from "Yes" to "No" and ordered judgment for the plaintiff upon the verdict as amended. Judgment was entered accordingly, from which this appeal was taken.

For the appellant there was a brief by *Doe & Ballhorn,* and oral argument by *J. B. Doe.*

For the respondent there was a brief by *Husting & Husting,* attorneys, and *Lamoreux & Husting,* of counsel, and oral argument by *Paul O. Husting* and *B. J. Husting.*

KERWIN, J. Several errors are assigned which in the view we take of the case need not be treated. It is without dispute that the injured boy was under the age of sixteen years, was

·employed by the defendant to work at the circular saw in question, was injured by the saw while at work, and was not guilty of contributory negligence. Subd. 2, sec. 1728*a*, Stats. (Laws ·of 1907, ch. ·523), provides:

"No child under the age of sixteen years shall be employed in adjusting any belt or in oiling or assisting in oiling, wiping or cleaning any machinery when the same is in motion or in ·operating or assisting in operating any circular or band saw, wood-shaper, wood-jointer, sandpaper, or wood-polishing ma-·chine, . . . or in any other employment dangerous to life or limb."

Sec. 1728*h,* Id., provides a fine and imprisonment for violation of the act. The prohibition under this subdivision is absolute and does not suffer the work to be done under permit from the commissioner of labor or other officer as is provided in cases of other employment specified in subd. 1 of the same section. The question therefore arises whether upon the established facts the defendant was guilty of negligence as matter of law. We think the case of *Klatt v. N. C. Foster L. Co.* 97 Wis. 641, 73 N. W. 563, is decisive upon this point. In that case it was held that, where a statute imposes a duty upon a class of persons to guard the personal safety of others, a failure to perform such duty constitutes actionable negligence, and renders the person guilty thereof liable to a person intended to be protected who is injured by such negligence without contributory negligence on his part. See *Mueller v. Milwaukee St. R. Co.* 86 Wis. 340, 56 N. W. 914, and *Woolf v. Nauman Co.* 128 Iowa, 261, 103 N. W. 785. The employment of the plaintiff in violation of the statute being negligence *per se* and the injury being caused by reason of such ·employment, such negligence was the proximate cause of the injury. True, the jury found that the looseness of the gauge was the proximate cause of the injury, but that finding does not help the defendant's case but rather makes the case against it stronger. If the defendant was guilty of negligence as a matter of law in employing the plaintiff to work at any circu-

lar saw, then clearly it is not relieved of the consequences of
its act by employing the plaintiff at a machine which was de-
fective. The employment of the boy at a defective and dan-
gerous machine without warning aggravated the negligence.
If the looseness of the gauge contributed to the injury, it was
simply a concurrent cause, condition, or circumstance in the
chain of events resulting in the injury, not the efficient cause.
*Winchel v. Goodyear,* 126 Wis. 271, 105 N. W. 824; *Klatt v.
N. C. Foster L. Co.* 97 Wis. 641, 73 N. W. 563. It is clear
that in setting the plaintiff at work at the circular saw in vio-
lation of the section quoted the defendant was guilty of negli-
gence as a matter of law, because the section was unquestion-
ably framed for the protection of such boys. *Smith v. Mil-
waukee B. & T. Exch.* 91 Wis. 360, 64 N. W. 1041; *Klatt v.
N. C. Foster L. Co.* 97 Wis. 641, 73 N. W. 563. If this act
of negligence was the proximate cause of the boy's injury,
without contributory negligence on his part, there must be a
recovery, and, if such proximate causation appears as matter
of law, then the finding of the jury on that question is imma-
terial.

It is undisputed that the plaintiff's injury was the imme-
diate result of physical contact with the prohibited saw while
he was at work. Two of the elements of proximate causation
are therefore shown without dispute: First, that the defend-
ant was guilty of a negligent act; second, that as a result of
that act the plaintiff suffered injury. The only other element
necessary to complete the claim of proximate causation is the
fact that some injury to the boy should have been reasonably
anticipated by the defendant as the natural and probable re-
sult of setting him at work at the saw. This latter necessary
element must be held to be conclusively established by the law
itself. The prohibition of the employment of boys about such
machines as are dangerous to life and limb amounts to a dec-
laration that such employment is likely to result in physical
injury to the boy, and an employer must in all reason be held

to know what the legislation has thus declared.    The element of anticipation of injury as a natural and probable result of the violation of the law is therefore supplied.    Cases like *Kutchera v. Goodwillie,* 93 Wis. 448, 67 N. W. 729, and *Goodwillie v. London G. & A. Co.* 108 Wis. 207, 84 N. W. 164, where the law under consideration was not a law forbidding employment of a minor at a given machine, but only forbade his employment generally in a certain occupation, have little bearing upon the present case.    In these cases as well as the cases where the alleged negligence consists in the violation of some rule of conduct such as the law regulating the speed limit for locomotives within city limits, it may often be that the violation of the statute, though negligence *per se,* may not be the proximate cause of the injury.    But when, as here, the law forbids the employment of a minor at a certain definite machine, and in violation of that law the defendant employs the minor at that machine, and that machine during the employment inflicts injury on the minor, the chain of proximate causation from the negligent act to the injury is complete as matter of law.

Error is assigned upon the charge.    On the question of damages the court charged the jury as follows:

"You will assess such sum as will fairly and reasonably compensate the plaintiff for the pain and suffering the injury caused him, the humiliation or mental suffering, if any, the deformity has caused him, and such, if any, as it will cause him in the future.    Such inconvenience it has caused, and such, if any, as it will cause him in the future, the extent, if any, to which it has diminished his earning capacity, and the extent, if any, to which it has affected his ability to play the piano or engage in other pastimes."

The particular part of the charge complained of is the following: "The extent, if any, to which it has diminished his earning capacity."    Complaint is made that, there being no proof of manumission and the plaintiff not being entitled to his earnings during minority, the jury under this charge was

liable to award damages on account of loss of earning capacity during minority. But the charge was correct so far as the earning capacity was concerned after manumission or majority. So it cannot be said that the charge was incorrect as far as it went, and if the defendant required a more specific charge upon the subject it should have requested it, which it failed to do. In view of the whole record we cannot say that defendant was prejudiced by the charge complained of. We find no prejudicial error in the record, therefore the judgment must be affirmed.

*By the Court.*—The judgment of the court below is affirmed.