REITEN, by guardian *ad litem,* Respondent, vs. J. S. STEARNS LUMBER COMPANY, Appellant.

*January 9—February 5, 1918.*

*Master and servant: Unlawful employment of minor: Injury: Absolute liability: Removing edgings from live rollers: Dangerous employment: Excessive damages.*

1. After the amendment of sub. 1, sec. 1728*h,* Stats., by ch. 421, Laws 1915, the mere employment of a minor between the ages of fourteen and sixteen without the permit provided for in sub. 1, sec. 1728*a,* did not constitute a misdemeanor or render the employer guilty as a matter of law of gross negligence and absolutely liable for injuries to such minor arising from the employment. The penalizing provisions of sub. 1, sec. 1728*h,* were by said amendment confined to those employing minors or females in employments prohibited by sub. 2, sec. 1728*a.* *Stetz v. F. Mayer B. & S. Co.* 163 Wis. 151, distinguished.

2. The employment of a minor under sixteen years of age to throw edgings from a table at a distance of forty feet from the saw was not a violation of sub. 2 (c) (14), sec. 1728*a,* Stats., where such edgings and the planks from which they were sawed left the edging machine without any assistance from him and were carried to his station by live rollers in the table—his work in such a case being separate and distinct from the operation of taking material from the edger.

3. But where such minor's freedom of motion was limited to a space three feet in width by six or seven feet in length, and heavy planks passed before him on the table, the motion of which, so far as he was concerned, was practically irresistible, and there was an ever-present possibility that such planks might, by the choking of material on the table, be forced over into the space in which he was confined, his employment was, as a matter of law, within the prohibition of sub. 2 (c) (23), sec. 1728*a,* Stats., as being an "employment dangerous to life or limb."

4. For injuries to a boy about sixteen years old, caused by a board striking his thigh, necessitating successive operations for the removal of a recurring bony growth, an award of $2,500, reduced by the trial court from $5,500, is *held* not excessive.

APPEAL from a judgment of the circuit court for Ashland county: G. N. RISJORD, Circuit Judge. *Affirmed.*

Action for personal injuries. The plaintiff, a boy fifteen years and some months of age, was hired by defendant Sat-

urday, May 27, 1916, to throw edgings from live rollers carrying boards and edgings, without a permit first having been obtained under sec. 1728a, Stats. 1915. On the following Monday morning he was injured by a board carried by the live rollers striking his thigh and inflicting an injury resulting in a bony growth which was removed by a hospital operation on October 9, 1916. February 15, 1917, another operation was had because of its regrowth, and on May 22, 1917, it was found that the bony growth was recurring and that another operation would probably be necessary. The trial court submitted to the jury only the question of damages, which were assessed at $5,500. The court gave plaintiff the option of a new trial on the ground of excessive damages or a judgment for $2,500 and costs. Plaintiff elected to take the latter, and from a judgment entered accordingly the defendant appealed.

*A. W. MacLeod* of Washburn, for the appellant.

*W. P. Crawford* of Superior, for the respondent.

ESCHWEILER, J. The court below submitted but the question of damages for the jury's consideration, holding, as appears from his written decision herein, that there was an absolute liability on the part of the defendant on both of the two grounds asserted in the complaint; first, on the theory that the defendant was liable because the accident happened while the plaintiff, a minor between the ages of fourteen and sixteen, was employed in defendant's sawmill without a written permit having first been obtained according to the provisions of sub. 1, sec. 1728a, and secondly, that in addition thereto there was actionable negligence in that the place where the plaintiff was employed was dangerous and unsafe and liable to result in injury to plaintiff and other employees, in that the place where plaintiff was required to work was limited in area and was in connection with a table or platform with live rollers upon it carrying planks and edgings

from an edging or cutting machine; the trial court holding as to this second ground that the employment was a prohibited one under sub. 2 (c) (14), sec. 1728a, Stats., which is hereinafter quoted.

In sustaining the liability on the first ground the court below held, and it is asserted by plaintiff's counsel here, that the case is controlled in favor of the plaintiff by what was determined by this court in the case of *Stetz v. F. Mayer B. & S. Co.* 163 Wis. 151, 156 N. W. 971. This case was decided in May, 1916, and was for an injury occurring in September, 1913.

The provision for the requirement of permits to enable minors within certain ages to be lawfully employed at gainful occupations has stood for many years substantially as it is found now in sub. 1, sec. 1728a. The provisions thereof material in this case are substantially to the effect that no child between the ages of fourteen and sixteen shall be employed, required, suffered, or permitted to work at any time in any factory or workshop . . . unless there is first obtained from the commissioner of labor, etc., . . . a written permit authorizing the employment of such child within such time or times as the said commissioner of labor, etc., . . . may fix. No provisions for any penalties or forfeiture for breach of this particular section have been found incorporated at any time as a part of that section itself, but have always been found in other sections of the statutes.

Sub. 2, sec. 1728a, which had just been substantially amended by ch. 466, Laws 1913, taking effect in June of that year and therefore in force at the time of the injury and decision in the *Stetz Case*, of the injury in this case, and now, provided in substance, so far as material for consideration here, that no employer shall employ, require, permit or suffer any minor or any female to work in any place of employment, or at any employment dangerous or prejudicial to the life, health, safety or welfare of such minor, or such female; that

the industrial commission shall have power and authority to make classifications of employment or places of employment and shall issue general or special orders forbidding the employment of minors or females in any employment or place of employment so found by it to be dangerous; and that until such time as the said commission shall determine and fix the classification certain employments and places of employment specified in that section are designated as being deemed dangerous or prejudicial to the life, health, safety or welfare of minors under the ages therein specified, or a female.   Then follows a list of such employments or places of employment, subdivided, to some extent, with reference to limitations to the age of the minors forbidden to be employed in such occupations; sub. (a) prohibiting the employment of all minors under twenty-one years of age at certain employments; sub. (b) as to minors under eighteen years; sub. (c) to those under sixteen, and in that one, being the one concerned here, and the one relied upon by the trial court in its decision, is said sub. (14) of schedule (c), and hereinafter quoted.

The penalties and forfeitures for violations of labor regulations and employment of minors were specified in several subdivisions of sec. 1728$h$, Stats., at the time of the occurring of the accident passed upon by the *Stetz Case.*   Sub. 1, sec. 1728$h$, then read as follows:

"1. Any person, firm or corporation, agent or manager of any firm or corporation who, whether for himself or for such firm or corporation, or by himself or through agents, servants or foremen *violates or fails to comply with any of the provisions of sections 1728a, 1728b, 1728c, 1728d, 1728e, 1728f, 1728g, 1728h, 1728i, 1728a—1, 1728a—2, 1728a—3, 1728a—4, 1728a—5 or 1728a—6,* or . . . , shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be fined not less than twenty-five dollars nor more than one hundred dollars for each offense, or imprisoned in the county jail not longer than thirty days."

In the *Stetz Case, supra,* it was held upon former decisions

such as *Pinoza v. Northern C. Co.* 152 Wis. 473, 140 N. W. 84, that when it appeared that at the time of the injury the employment of such minor subjected the employer to the penalties prescribed in sub. 1, sec. 1728*h,* just above quoted, there was gross negligence as a matter of law on the part of the employer as to which he could not interpose such defenses as that of the contributory negligence of the employee, this being on the well established principle that where the legislature has declared that certain things, which from their nature may reasonably be anticipated to be dangerous to human life or limb, shall not be done, and has provided further in such prohibition that the violation thereof shall be punished as a criminal offense, when the law is thus violated and an injury occurs he who has been guilty of such penal offense shall be adjudged liable in a civil suit for the injuries arising therefrom.

The legislature, by the law as it then stood, declared that he who violated sub. 1, sec. 1728*a,* by employing a minor between fourteen and sixteen without having the prescribed permit should be in the same category and visited with the same penalties as he who employed such minor, regardless of whether such employee was with or without such permit, at an employment that was considered dangerous and therefore absolutely prohibited by sub. 2, sec. 1728*a.* It was upon such a statute that the decision in the *Stetz Case, supra,* was grounded. While in the *Stetz Case, supra,* there was an employment without such permit, yet in that case as well as in the *Pinoza Case, supra,* and such subsequent cases as *Kowalski v. American C. Co.* 160 Wis. 341, 151 N. W. 805; *Green v. Appleton W. Mills,* 162 Wis. 145, 155 N. W. 958; *American C. Co. v. Ætna L. Ins. Co.* 164 Wis. 266, 159 N. W. 917, the respective plaintiffs were all injured while working at machinery or places subject to the absolute prohibitions as dangerous employments under the provisions of sub. 2, sec. 1728*a,* so that all such cases had the same element of em-

ployment in a dangerous situation present that appears in the instant case.

But at the time the injury here involved occurred, in May, 1916, this sub. 1, sec. 1728*h*, as to penalties had been very materially altered. By ch. 421, Laws 1915, this particular section was amended by striking out the above quoted italicised portions and inserting in lieu thereof the following: "shall employ, require, suffer or permit any person to work in any employment prohibited under the provisions of section 1728*a*."

This change manifestly confines the penalizing provisions of sub. 1, sec. 1728*h*, as it now stands, and therefore for the purposes of this case to only those who employ any person to work in any employment *prohibited* under sec. 1728*a*. This must necessarily be held to mean such employments as are deemed dangerous or prejudicial to the life, health, safety, or welfare of such minor by the declaration of sub. 2, sec. 1728*a*, and therefore prohibited under all circumstances to those under the prescribed ages, even though such minors may have the permits required under sub. 1, sec. 1728*a*, and no longer visits the penalty of absolute civil liability, as before, upon the mere employment of the minor without the permit. This substantial change in the legislative policy so declared by this amendment now brings the situation of the employer whose minor employee is injured while working without a permit in line again with the rulings in such cases as *Kutchera v. Goodwillie*, 93 Wis. 448, 67 N. W. 729; *Goodwillie v. London G. & A. Co.* 108 Wis. 207, 84 N. W. 164, and with the doctrine pointed out in *Sharon v. Winnebago F. M. Co.* 141 Wis. 185, 124 N. W. 299.

It therefore also now prevents us from sustaining the judgment in favor of the plaintiff upon the ground on which it was sustained in the court below in its holding that the employment without a permit was sufficient to sustain the absolute liability.

The trial court, as has been said, also based its determination to enter judgment in favor of the plaintiff upon the ground that he was employed in violation of sub. 2 (c) (14), sec. 1728a, Stats., which prohibited employment of children under sixteen years of age in "operating or assisting in operating or taking material from any circular or band saw, or any crosscut saw or slasher, or other cutting or pressing machine from which material is taken from behind." The testimony, though undisputed as to the place in which the boy was working and the manner of the work required of him and what he was doing, does not, in our judgment, warrant the conclusion adopted by the trial court that he was, at the time of the injury, so employed within the prohibition just quoted. The material that was taken from the edger or cutting machine in question here was taken by a separate operation that was antecedent to the operation at which the boy was employed. The planks from which the edgings were sawed, together with such edgings, left the edging machine without the assistance in any way of plaintiff and were clear of the edger and upon another and separate machine or appliance, namely, the table, with its live rollers, and had moved some distance thereupon before he had anything to do with them, his station being at least forty feet away from the saw in question. It was therefore a separate and distinct operation from that of taking material from the edger, and the judgment cannot be supported on that ground.

The last subsection of the same schedule (c), in sub. 2, sec. 1728a, reiterates in substance the prohibition as to employment of minors in the general language in the beginning of sub. 2, sec. 1728a, and reads as follows: "(23) Any employment dangerous to life or limb, injurious to the health, or depraving to the morals."

We are satisfied under the undisputed testimony in this case that the judgment may and ought to be supported upon this last quoted provision of the child labor law.

His freedom of motion was limited to the small area of three feet in width by six or seven feet in length; heavy planks passed before him on the table along live rollers, the motion of which evidently, so far as he was concerned, was practically irresistible; there was the ever-present possibility of planks or material becoming choked and caught anywhere along the table, thereby misplacing the planks and forcing them over into the space in which he was confined; all warrant and compel us, upon the undisputed facts and circumstances, to say as a matter of law that there was an employment of this boy under sixteen years of age within the prohibition of the language of the statute and that particular sub. (23) above.

Complaint is made by the defendant as to the question of damages. A careful consideration of all the testimony that was taken with reference to this matter, both at the trial and at the court's suggestion subsequent thereto, convinces us that the court committed no error as against the defendant in fixing the amount of damages as he did at this substantial reduction from the amount of the verdict of the jury.

*By the Court.*—The judgment of the circuit court is affirmed.