### UNITED STATES v. McCRORY.

(Circuit Court of Appeals, Fifth Circuit. January 27, 1903.)

#### No. 701.

1. STATUTE—TITLE—EFFECT.

The title is no part of an act, and cannot enlarge or confer powers or control the words of the act, unless doubtful or ambiguous.

2. FEDERAL COURTS—JURISDICTION.

A letter carrier had recovered judgment in the district court against the United States for extra compensation, and it had sued out a writ of error. Afterwards, but before the case was heard in the circuit court of appeals, Act June 27, 1898 [U. S. Comp. St. 1901, p. 753], was passed, amending Act March 3, 1887, thereby taking away the jurisdiction of the district court to entertain the suit, and the writ of error was, on motion, abated. Afterwards Act Feb. 26, 1900 [U. S. Comp. St. 1901, p. 758] was passed, which provided that no suit should abate or be affected by the act of June 27, 1898, which was pending in any circuit court of appeals, circuit or district court, at the time of its passage, "and all such suits which have been dismissed * * * shall be restored to their places within such courts." Held, that the action was plainly included within the terms of the latter act, and the cause was properly restored.

3. SAME—CONSTITUTIONALITY.

As all the proceedings under Act March 3, 1887 [U. S. Comp. St. 1901, p. 752], authorizing suits by officers against the United States to recover

fees, and amendatory acts, are permissive, and in the main intended to advise congress, and as judgments and decrees adverse to the United States are merely reported to congress for such action as it sees fit to take, the objection that the act of 1900 is unconstitutional is not entitled to be considered.

4. LETTER CARRIERS—EXTRA COMPENSATION.

Under Act May 24, 1888 [U. S. Comp. St. 1901, p. 2637], providing that letter carriers employed more than eight hours per day shall be paid extra therefor, a carrier was not entitled to extra pay for short intervals during which, while excluded from the office·and not required to be in uniform, he was under the control and direction of the postmaster to the extent that he could be summoned at any time and assigned to duty.

In Error to the District Court of the United States for the Northern District of Alabama.

This is a suit brought by defendant in error, a letter carrier at the post office of Birmingham, Ala., to recover for alleged extra time which he claims he was employed over·and above eight hours per day under an act of congress entitled "An act to limit the hours that letter carriers in cities should be employed per day," approved May 24, 1888 [U. S. Comp. St. 1901, p. 2637]. The claim amounts to $253.26. The petition was regularly served. The United States answered denying the indebtedness.

The case was tried in the district court on an agreed statement of facts, as follows:

"James T. McCrory, Complainant, v. The United States, Defendant.

(No. 52.)

"It is hereby agreed by and between counsel for complainant and defendant in the above-stated cause that the amount herein sought to be recovered from the defendant arose under the following state of·facts, viz.: That the complainant was from the 1st day of December, 1894, to the 1st day of February, 1896, a duly appointed and acting letter carrier in the employment of the United States (defendant) as such at the Birmingham, Alabama, post office, in the city of Birmingham, Alabama, at a salary of $600.00 per annum. That his salary was on the 1st day of February, 1896, increased to the sum of $850.00 per annum, and that the complainant continued in the employment of the defendant as such letter carrier at said salary of $850.00 from the 1st day of February, 1896, to the 1st day of January, 1897. That during the aforesaid period from the 1st day of December, 1894, to the 1st day of February, 1896, while the complainant was receiving from the defendant a salary of $600.00 per annum, there were daily intervals between the complainant's daily trips in collecting and delivering the United States mail in the city of Birmingham, varying in duration, but which in the aggregate amounted to 425 hours, at 20⅝ cents per hour. That during the aforesaid period from the 1st day of February, 1896, to the 1st day of January, 1897, while the complainant was receiving from the defendant a salary of $850.00 per annum as·such letter carrier, the complainant had similar intervals daily between his said daily trips in collecting and distributing the United States mail in the city of Birmingham, Alabama, which in the aggregate amounted to 567 hours and ten minutes, at $29^5/_{24}$ cents per hour. That the said intervals between said daily trips were in number from two to three hours per day, and varied in duration as aforesaid from 30 minutes to 2½ hours, according as the amount of mail for collection and distribution was large or small. That these idle intervals were exclusive and in excess of the 8 hours of actual and·active service which the complainant performed as such letter carrier daily for the defendant. That during the said intervals the complainant was by the rules of the post office department excluded from the post office, but was under the control and direction of the postmaster to the extent that the postmaster had the right, power, and authority to summon the complainant to duty at any time during any of said intervals and send him out again col-

lecting or delivering mail, or assign him to any other duty within the range and line of his employment as such letter carrier. That during such intervals complainant was not required by the postmaster or any rule or regulation of the post office department to keep on his uniform, and could keep it on or discard it as he might desire, but that while on duty he was required to wear his said uniform. That, by reason of the said right, power, and authority of the postmaster to summon the complainant to duty at any time during any of said intervals, the complainant was prevented and prohibited from obtaining or accepting other employment during such intervals except such employment as should be subject and second to the right, power, and authority of the postmaster to at any time so summon the complainant to duty during any and all of said intervals, and the complainant could not and did not obtain other employment. That the complainant did not actually do or perform any work or service for the defendant during any of the intervals which makes the aggregates aforesaid, but was subject during all of said intervals to be summoned by the postmaster to duty as aforesaid within the line of his employment as such letter carrier, but was under the control and direction of the postmaster during said intervals as aforesaid. That, in computing the aggregate of said intervals aforesaid, the daily dinner hour from 12 to 1 o'clock p. m. is not included. It is further agreed that this statement of facts may be taken and considered by the court as the facts in each of the other 18 cases now pending seeking a similar recovery of the defendant, except as to the amount involved in each, respectively, and the court may in each of said cases pronounce its findings, conclusion, and judgment accordingly."

The trial judge found the facts to be as set forth in the foregoing agreement, and from that finding concluded that the petitioner was entitled by law to a judgment for the recovery of the amount claimed by him, and rendered judgment accordingly. From this judgment in due season the United States sued out a writ of error on February 28, 1898, and the transcript was filed in this court April 12, 1898. Before the case was heard on this writ, congress passed an act entitled "An act to amend sections 1 and 2 of the act of March 3, 1887," approved June 27, 1898 [U. S. Comp. St. 1901, p. 752], wherein the jurisdiction of the district and circuit courts to entertain suits against the United States, on the part of the officers of the United States, to recover fees for services rendered, was taken away; and thereupon, on motion of the defendant in error, the writ of error pending in this case was abated. See U. S. v. McCrory, 33 C. C. A. 515, 91 Fed. 295. Subsequently congress passed the following:

"An act for the relief of claimants having suits against the United States pending in the circuit and district courts of the United States affected by the act of June twenty-seventh, eighteen hundred and ninety-eight, amending the act of March third, eighteen hundred and eighty-seven.

"Be it enacted by the senate and house of representatives of the United States of America in congress assembled, that no suit shall abate or be affected by the act of June twenty-seventh, eighteen hundred and ninety-eight, entitled 'An act to amend sections one and two of the act of March third, eighteen hundred and eighty-seven,' which was pending in any circuit court of appeals, circuit or district court of the United States at the time of the passage of said act; and all such suits which have been dismissed by reason of said act shall be restored to their places in such courts and proceeded with as if the same had not been enacted; and time within which an appeal or writ of error may be taken or prosecuted in any case affected by this act is hereby extended six months from the passage hereof." Approved February 26, 1900 [U. S. Comp. St. 1901, p. 758].

On the presentation of this last-mentioned act and on motion of counsel for plaintiff in error, this court on May 12, 1900, ordered that this cause be restored to the trial docket to be proceeded with in accordance with law and the rules of this court, and thereupon defendant in error filed a motion to strike the case from the docket for the following reasons:

"(1) That the act of February 26, 1900, does not include the United States, and was not intended to confer any right upon the United States, but was

intended to include 'only claimants' having suits 'pending in the circuit court of'appeals, circuit and district courts.'

"(2) That the act of February 26, 1900, is unconstitutional as to the case under consideration and those similarly situated, because it is an invasion and infringement by the legislative branch of the government on the judicial.

"(3 and 4) That the judgment had become final; was beyond the power of all or any courts to impair or interfere with; that the term had passed, the right of appeal had expired, when the act of February 26, 1900, was passed; that the case was pending in no court; the writ of error had been abated, and this court had no jurisdiction to set aside the judgment abating the writ of error, nor to restore it to the docket for any purpose.

"(5) That the act of February 26, 1900, violates the fifth amendment to the constitution of the United States; that the judgment was a vested right and property, which could not be impaired by subsequent legislation."

On this motion and on the merits the cause has been argued and submitted.

Wm. Vaughn, U. S. Atty.
Denson & Tanner, for complainant.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PARDEE, Circuit Judge. "The title is no part of an act, and cannot enlarge or confer powers or control the words of the act, unless doubtful or ambiguous. U. S. v. Fisher, 2 Cranch, 358–386, 2 L. Ed. 304; Railroad Co. v. Thomas, 132 U. S. 174, 188, 10 Sup. Ct. 68, 33 L. Ed. 302. The ambiguity must be in the context, and not in the title, to render the latter of any avail." U. S. v. Oregon & C. R. Co., 164 U. S. 526, 541, 17 Sup. Ct. 165, 41 L. Ed. 541.

The act of congress of February 26, 1900, is neither of doubtful nor ambiguous meaning, but in plain terms provides that all suits pending in any circuit court of appeals, circuit or district court of the United States, on June 27, 1898, which have been dismissed by reason of the act of congress approved June 27, 1898 [U. S. Comp. St. 1901, p. 752] entitled "An act to amend sections one and two of the act of March 3, 1887," shall be restored to their places in such courts and proceeded with as if the said law had not been enacted; and it further extends the time within which an appeal or writ of error may be prosecuted by the said act to six months from the passage thereof.

This act plainly includes the present suit. All the proceedings under the act of March 3, 1887 [U. S. Comp. St. 1901, p. 752], and amendatory acts, are permissive, and in the main intended to advise the congress. The practice thereunder is exceptional, and the judgments and decrees rendered are not executory. When such judgments and decrees are adverse to the United States and are final in the courts, the attorney general reports them to congress for such action as it sees fit to take. It seems, therefore, that it is not worth while to consider whether the act of February 26, 1900, impairs vested rights or is otherwise unconstitutional.

The motion to strike the case from the docket is overruled.

On the merits, the case is identical with that of U. S. v. Langston, heretofore decided by this court (29 C. C. A. 379, 85 Fed. 613), except in respect to these findings of fact, which were not in the Langston Case.

"That during said intervals the complainant was by the rules of the post office department excluded from the post office, but was under the control and direction of the postmaster to the extent that the postmaster had the right, power, and authority to summon the complainant to duty at any time during any of said intervals, and send him out again collecting or delivering mail, or assign him to any other duty within the range and line of his employment as such letter carrier. That, by reason of the said right, power, and authority of the postmaster to summon the complainant to duty at any time during any of said intervals, the complainant was prevented and prohibited from obtaining or accepting other employment during such intervals, except such employment as should be subject and second to the right, power, and authority of the postmaster to at any time so summon the complainant to duty during any and all of said intervals, and the complainant could not and did not obtain other employment."

The act under which the petitioner in this case claims extra pay distinctly grants such extra pay only in case the letter carrier is employed during the extra time for which he claims.

The facts as found by the trial judge clearly show that, during the "idle" intervals for which petitioner claims he was not employed in his duties as a letter carrier, he was not required to wear his uniform; he was not required to stay in any particular place; he was doing nothing but waiting, and waiting to be employed. The fact that during the time he was so waiting to be employed the postmaster could have summoned him to duty tends strongly to show that during such interval he was not employed, and not at all that he was employed. The fact that during the time he was so waiting he could not and did not obtain other employment may raise an equity in his favor, but in no wise proves that during the intervals for which he claims pay he was employed.

Under the finding of facts, it seems perfectly clear that during the "idle" intervals, as styled in the finding of facts, the petitioner was not employed in his duties as a letter carrier. If he was not so employed, then he has no right to recover under the statute.

For these reasons and others given in U. S. v. Langston, supra, the judgment of the district court is reversed, and the cause is remanded, with instructions to dismiss the suit.