[Crim. No. 1540.    In Bank.—December 23, 1909.]

# In the Matter of the Application of FRED J. MARTIN for a Writ of Habeas Corpus.

Labor Law—Act Limiting Hours of Employment of Miners—Time Consumed in Going to and from Work.—The provision of the act of March 10, 1909 (Stats. 1909, p. 279), limiting the period of employment in underground mines to eight consecutive hours, refers to the time when the men are actually engaged in work. The time consumed in traversing the mine to and from the place of work is not included in the limitation.

APPLICATION for a Writ of Habeas Corpus directed to the Constable of Angels Township, Calaveras County.

The facts are stated in the opinion of the court.

Solinsky & Wehe, and Paul C. Morf, for Petitioner.

James Keith, and Thos. S. Ford, for Respondent.

SLOSS, J.—The petitioner in this case was also petitioner in Crim. No. 1539, just decided, *ante,* p. 51, [106 Pac. 235], and is held under a complaint purporting to charge him with a violation of the terms of the act regulating the hours of employment in underground mines and in smelting and reduction works, approved March 10, 1909, [Stats. 1909, p. 279].

The validity of the act as a whole was considered and upheld in the foregoing case. The present proceeding presents solely a question of construction. The petitioner is charged in the complaint with having required a miner to work eight full and consecutive hours at the face of a drift in a mine in addition to the time necessarily occupied in traversing the shaft, underground drifts, and tunnels between the surface of the mine and the face of said drift. The time so occupied in going to and from the place of work was in excess of thirty minutes.

We think the petitioner's contention that no violation of the act is here charged is correct and should be sustained. The act provides that the period of employment of persons employed or engaged in work in underground mines, etc., shall not exceed eight hours in any twenty-four hours. The purpose of the act is, as has been pointed out in the opinion in

Crim. No. 1539, *ante*, p. 51, the protection of the health of men working in underground mines. The injury to health which seems to have been apprehended is that which would be encountered by one subjected to the strain of performing manual labor under detrimental conditions. Giving to the words of the act their ordinary and reasonable meaning, the limitation of time is to be construed as referring to the time when men are actually engaged in work, not when they are going to or from their work. There is nothing in the language of the act which would justify a more restricted interpretation.

A somewhat similar question has arisen under the federal statute (5 Fed. St. Ann., p. 819, [U. S. Comp. Stats. 1901, p. 2637]), providing that "if any letter-carrier is employed a greater number of hours per day than eight he shall be paid extra for the same in proportion to the salary now fixed by law." The "employment" which entitles a carrier to extra pay under this law is held to be employment "in work that is not inconsistent with his general business under his employment as a letter-carrier" (*United States* v. *Post*, 148 U. S. 124, [13 Sup. Ct. 567]). It does not include short intervals, or "swings," between trips, when the carrier is not actually employed in work, and not required to remain in or about the post-office (*United States* v. *Langston*, 85 Fed. 613; *United States* v. *McCrory*, 119 Fed. 861).

The petitioner is discharged.

Shaw, J., Angellotti, J., Lorigan, J., Melvin, J., and Henshaw, J., concurred.