## STATE OF MISSOURI, Respondent, v. DECK, Appellant.

### St. Louis Court of Appeals, November 15, 1904.

1. **CHILD LABOR:** "Employ." Sections 2189 and 2190, Revised Statutes of 1899, in using the terms "employed" and "employs," forms of the verb "employ," which means "put to work," describe an offense which is not completed by the mere making of a contract to hire a child; it is not complete until such child is put to work.

2. ———: ———: **Agents.** Where an agent of a corporation contracts with a child under fourteen years of age to work in a factory, such as are described in section 2189, and the child is put to work therein, the presumption is that the agent put him to work, so as to make such agent guilty of violating the statute.

Appeal from St. Louis Court of Criminal Correction.—
*Hon. Hiram N. Moore,* Judge.

AFFIRMED.

*Boyle, Priest & Lehmann, Geo. W. Easley* and *Glendy B. Arnold* for appellant.

The court erred in refusing each of defendant's declarations of law offered at the close of all the evidence in both cases. The word "employed," used in section 2189, is a form of the transitive verb "employ," which means, "to make use of the time, attention or labor of; to give occupation to; use as an agent." The word "employs," used in section 2190, is the singular number of that verb. Century and Webster's Dictionaries. It is not charged nor contended that Wels and Ryan performed, or contracted to perform, any services in the inhibited place for the defendant, but that defendant, as the agent of the corporation, "did employ, put to work and have in the employ of the said corporation, conducting and operating the inhibited es-

tablishment, the said Wels and Ryan." The record shows that the defendant did nothing more than make the contracts of employment. Railroad v. State (Ala.), 3 So. 703; Beadon v. Parratt, L. R. 6 Q. B. 718; U. S. v. Langston, 85 Fed. 613; U. S. v. Post, 148 U. S. 124; 11 Enc. of Law (2 Ed.), p. 1, title, "Employ." The word "employed," as used in section 2189, and the words, "employs" and "employment," as used in section 2190, all mean that no child shall actually work for an employer as an employee in the inhibited place. "Employed" and "employment" in this statute mean business, occupation, engagement, vocation or calling. State v. Canton, 43 Mo. 51. The real question is, in whose employ was the boy? Except in very exceptional cases, the words "employ" and "employment" import the relation of master and servant. 11 Enc. of Law (2 Ed.), pp. 6-7.

*Charles P. Williams* for respondent.

### STATEMENT.

On June 4, 1904, defendant was found guilty, in the St. Louis court of criminal correction, and fined twenty-five dollars on the charge contained in the following information (caption and signatures omitted):

"Charles P. Williams, prosecuting attorney of the St. Louis court of criminal correction, now here in court, on behalf of the State of Missouri, amended information makes as follows:

"That L. T. Deck, in the city of St. Louis, on the eighteenth day of September, 1903, was the agent of and for the Columbia Box Company, a corporation engaged in the manufacturing business and operating and conducting in said city a manufacturing establishment wherein steam and other mechanical power was then and there being used in the manufacturing process carried on therein, and that the said L. T. Deck, on or

about the date aforesaid, as the agent of said corporation, did employ, put to work and have in the employ of the said corporation in the said manufacturing establishment, one Herman Wels, the said Herman Wels then and there being under the age of fourteen, to-wit: thirteen years of age, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State.''

After overruling defendant's motions for a new trial and arrest of judgment, the court granted defendant an appeal to this court.

The following summary of the evidence as made by appellant in his abstract is admitted to be substantially correct. The evidence in the case, the prosecuting witness being a boy, Herman Wels, tended to prove that the Columbia Box Company, a corporation, owned and operated a factory wherein wooden boxes were manufactured. The mechanical power used to operate the machinery in said factory was steam. Pulleys, beltings, saws and other machinery were used for the purpose of manufacturing boxes. Wels, a youth under fourteen years of age was found engaged at manual labor in said factory. The defendant, L. T. Deck, was an agent of the corporation, being foreman of the box factory. He, as the agent of the corporation, contracted with the said Wels to work in the factory. Young Wels obtained the contract of employment by misrepresenting his age to the defendant. The defendant, upon the boy's statement that he was fourteen years of age, in good faith, believing the boy's statement to be true, hired him to work for the corporation. Wels admitted on the stand that he had deceived the defendant as to his age in order to obtain employment.

At the close of all the evidence in the case, defendant offered and asked the court to make the following declaration of law, which the court refused:

''The court declares the law to be that by the word 'employed,' as used in section 2189 of the Revised

Statutes of Missouri, 1899, and the word 'employs' in the succeeding section, is meant the actual engagement of the child at work in the inhibited establishment. They have no reference to the mere contract of hiring the child to work therein. The mere hiring of a child to work therein is no offense under these statutes. It is the fact that they work therein which constitutes the offense, and the person or corporation for which the work or labor is performed by the child is the guilty party under the statute. If the court finds from the evidence that an agent of the Columbia Box Company hired the child to work for that company and the child did in fact work for that company, then the agent is not guilty of the offense charged in this information, and the judgment of the court shall be that the agents of the company are not guilty of the offense charged in the information.''

To which action of the court, in refusing said declaration of law, the defendant saved his exceptions.

BLAND, P. J. (after stating the facts).—The statutes prohibiting the employment of children under fourteen years of age read as follows:

"Sec. 2189—*Children Not to be Employed in Certain Establishments.*—No child under the age of fourteen years shall be employed in any manufacturing or mechanical establishment in this State wherein steam, water or any other mechanical power is used in the manufacturing process carried on therein, or, where the work to be done by such child would, in the opinion of two reputable physicians in the locality where such work is to be done, be dangerous to the health of such child.

"Sec. 2190—*Penalty.*—Any person, firm or corporation, or its agents, who employs, and any parent or person in charge of such child who permits the employment of such child in violation of this article, shall be deemed guilty of a misdemeanor, and shall, upon

conviction, be fined not less than ten nor more than one hundred dollars, or imprisonment in the county jail for a period of not less than two days nor more than ten days, or both fined and imprisoned for each offense: Provided, that extreme poverty of the parent, or person in charge of such child, shall be a good defense to such proceeding.''

Appellant contends that the word "employed," used in section 2189, in a form of the transitive verb, "employ," which means, "to make use of the time, attention or labor of; to give occupation to; use as an agent." The word "employs," used in section 2190, is the singular number of that verb. Century and Webster's Dictionaries. Undoubtedly, one cannot be employed unless his time is occupied at something to which he is giving his attention, skill or labor. United States v. Post, 148 U. S. 124; United States v. Langston, 85 Fed. 613; State v. Canton, 43 Mo. l. c. 51.

In State v. Foster, 37 Ia. 404, and McClusky v. Cromwell, 11 N. Y. 593, it was held that the word "employment," when used in respect to a servant or hired hand, is equivalent to hiring, which implies a request and a contract for a compensation.

The thing prohibited by the statutes, is employing (putting to work) a child under fourteen years of age in any establishment of the kind described, and the offense is completed whenever the child is employed (set to work) in one of the prohibited establishments. Merely to employ a child to work in one of these establishments does not complete the offense. The offense is not completed until the youth hired is put to work or employed in the establishment. The information charges and the evidence shows, that the defendant not only employed (hired) the youth Wels, but that he was put to work in the prohibited establishment, of which the evidence shows defendant was foreman. Being a foreman and having hired Wels to work, the legal presumption is that he (the defendant) put

Wels to work. Defendant contends that the corporation is the real guilty party and that it, not the defendant, should have been prosecuted. There might be some force in this contention if the statute creating the offense did not include both corporations and their agents who employ and put minors to work in a prohibited establishment, and for this reason defendant's refused instruction did not properly state the law of the case. We think the evidence clearly established defendant's guilt, and affirm the judgment. All concur.