Kowalski, by guardian *ad litem*, Respondent, vs. American Candy Company, Appellant.

*March 4—March 23, 1915.*

*Master and servant: Unlawful employment of child: "Pressing machine:" Injury: Liability: Evidence: Sufficiency.*

1. A machine called a sizer, consisting of two power-driven rollers six inches in diameter, one above the other, used for reducing to a uniform thickness slabs of caramel candy which were fed in at the front and, after passing between the rollers, were taken away from the back of the machine, was a "pressing machine from which material is taken from behind," at which it was unlawful, under sub. 2, sec. 1728a, Stats. 1911, to employ or permit a child under the age of sixteen years to work.

2. Findings by the jury in this case that the plaintiff, a boy under sixteen years of age, was directed and permitted to work at such machine, are *held* to be sustained by the evidence, although in some particulars plaintiff seems to have testified to things which he must have known were false.

Appeal from a judgment of the circuit court for Milwaukee county: W. J. Turner, Circuit Judge.    *Affirmed.*

On October 15, 1912, plaintiff was employed by the defend-

ant in its starch room on the sixth floor of its factory in the city of Milwaukee. He was so employed until the morning of April 7, 1913, at which time he was directed by his foreman to go to the fourth floor and report to the foreman there, which he did, and he was put to work at a table spreading caramels, which consisted of separating the squares of caramel when placed on the table after having passed through a cutting machine. He remained at this work until about 3 o'clock that afternoon, when he went to a machine known as a sizer, located about fifteen or twenty feet from where he had been working. This machine consists of two rollers six inches in diameter and two feet long, one above the other, through which caramel candy is run in slabs to reduce it to a uniform thickness. The operator stands on the feed side of the machine, and after sprinkling each slab of candy with starch or flour to prevent its sticking to the rollers it is shoved along the table of the machine until it is caught by the rollers and is drawn through and out onto the smooth surface of the table on the opposite or take-away side. The space between the rolls can be regulated by the operator, according to the thickness of candy desired. The machine is power driven and its movement controlled by an ordinary belt-shifter at the end and side thereof. On the side of the machine where the slabs of candy are fed into the rollers there is an immovable metal guard which extends down over the face of the rollers to a point about two and one-half inches above the surface of the table and then turns at right angles and extends out over the surface of the feeding table to a point about nine inches from the contact point of the rollers. Plaintiff's right hand was caught between the rollers of this machine and so crushed that all of his fingers and thumb had to be amputated. This action was brought to recover damages for the injury. The complaint alleged that the employment of plaintiff up to April 7, 1913, was in defendant's starch room, where he was

not required to work with any machinery; that on April 7th his employment was changed and he was directed to feed slabs of caramel candy into a revolving press machine; that it was the duty of the defendant to fully instruct him as to the operation of the machine and to warn him of the dangers incident thereto; that he received no such instructions or warning, and that he never had worked around machinery and knew nothing of its dangerous character; further, that plaintiff was employed by defendant in violation of sec. 1728, Stats. 1911, and also that the machine was not properly guarded.

Among other things the answer of the defendant denied that plaintiff's employment was changed on April 7th or at any other time and that he was directed to work upon a revolving press machine or any other machine; that plaintiff's injuries were the result of carelessness and negligence on his part, in that he was playing or tampering with the machine in question at the time he was injured, contrary to express orders and instructions of the defendant. The jury returned the following special verdict:

"(1) Was the plaintiff directed by Foreman Bennett to work upon the sizer? A. Yes.

"(2) Did Foreman Bennett permit or suffer the plaintiff to work on the sizer? A. Yes.

"(3) Was the machine at which the plaintiff was injured dangerous to life and limb of a person under sixteen years of age? A. Yes.

"(4) If you have answered either the first or second question in the affirmative, then answer: At the time the plaintiff was injured, was he engaged in any work that he was directed or permitted to pursue? A. Yes.

"(5) What sum will reasonably compensate the plaintiff for the injury he sustained? A. $6,000."

From a judgment entered in accordance with such verdict defendant appeals.

For the appellant there was a brief signed by *Lawrence A. Olwell,* attorney, and *B. V. Brady,* of counsel, and oral argument by *Mr. Olwell.*

*C. W. Bradford,* for the respondent.

BARNES, J.    The plaintiff brings this action to recover damages for a personal injury alleged to have been sustained in an employment which was dangerous to life or limb. He was fifteen years and seven months of age when injured, and bases his right of action on the proposition that he was put to work on the machine on which he was hurt, in violation of sub. 2, sec. 1728*a,* Stats. 1911, the material part of which reads as follows:

"No child under the age of sixteen years shall be employed, required, suffered or permitted to work at . . . or in operating or assisting in operating or taking material from any circular or band saw, or any crosscut saw or slasher or other cutting or pressing machine, from which material is taken from behind, . . . or in any other employment dangerous to life or limb. . . ."

The defendant's contention was that the plaintiff was not put to work on the machine in question, but that he was experimenting on it with a small piece of candy for his own amusement, without the knowledge and consent of the defendant, after he had finished up the work that had been assigned to him.

The jury found all the issues in favor of the plaintiff, and the defendant contends (1) that the only evidence to sustain the answers of the jury to the first and second questions was manifestly and obviously perjured testimony; (2) that the court should say as a matter of law that in any event the employment was not dangerous to life or limb within the meaning of the statute; (3) that the third question in the special verdict was not properly framed; and (4) that the court erred

in refusing to give a requested instruction to the jury under the third question in the special verdict.

1. It is difficult to escape the conclusion that in some particulars the plaintiff testified to things which he must have known were false. His testimony to the effect that he operated the machine for a substantial period of time is, however, corroborated by three other witnesses, one at least of whom was not impeached. The jury believed these witnesses and the trial court permitted the verdict to stand, and this court under well established rules will not disturb it.

It is the opinion of this court that the machine in question answered all the calls of the statute. The rolls were power driven and were used for pressing out material that was fed in at the front end and the material pressed was taken from behind the machine. The very purpose of this machine was to press out layers of caramel to a certain thickness. It was a pressing machine in fact, no matter what it was called, and it is this class of machines which the statute was evidently designed to reach. Under our statute law it is not a safe proposition to work minors under the age of sixteen years around machinery. Holding as a matter of law that the defendant had no right to put the plaintiff at work on the machine in question, the second, third, and fourth assignments of error become immaterial and drop out of the case.

*By the Court.*—Judgment affirmed.