AMERICAN CANDY COMPANY, Appellant, vs. ÆTNA LIFE INSURANCE COMPANY, Respondent.

*October 24—November 14, 1916.*

*Master and servant: Injury to minor: Employers' liability insurance: "Employed in violation of law as to age:" Statute construed: Tender of defense: Conclusiveness of judgment: Estoppel.*

1. Although the original employment of a minor fifteen years of age who had a permit was lawful, yet when he was put to work at a machine dangerous to life or limb contrary to sub. 2, sec. 1728a, Stats. (Laws 1909, ch. 338), he was "employed in violation of law as to age," within the meaning of an exception in an employers' liability insurance policy.

2. In said sub. 2, sec. 1728a, Stats.,—providing that "no child under the age of sixteen years shall be employed in" operating any of numerous machines specified "or in any other employment dangerous to life or limb," etc.,—the word "employed" covers a case of putting such a child to work at a machine, and the putting him or directing him to work in such a place is an employment to work in such place.

3. Where the defense in an action is duly tendered to one who may under any aspect of the case be liable over to the party sued, the person to whom the defense is tendered and who has opportunity to defend becomes in legal effect a party to the action and is bound by the judgment. The estoppel of the judgment in such case is mutual.

4. Upon being sued for injuries to a minor employee the employer tendered the defense of the action to an insurance company in which it held a liability policy. The insurance company refused to defend except on condition that it be not bound by the result, claiming that the minor had been employed contrary to law and that the policy did not cover the injury. The employer refused to consent to a defense under such reservation, and itself defended the action. It was found therein that the minor was employed in violation of law, and he recovered a judgment, which the employer paid. In an action against the insurance company to recover the amount so paid it is *held* that said judgment is conclusive of the fact that the minor was employed in violation of law.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

This action was brought against the defendant to recover the amount of two judgments recovered against the plaintiff for injuries received by one Michael Kowalski, a minor fifteen years of age, while in the employ of plaintiff, together with costs and attorneys' fees. One of the judgments was recovered by the minor and the other by the minor's father. The plaintiff paid the judgments, and in the present action seeks to recover the amount from the defendant under a policy of employers' liability insurance.

When the plaintiff rested its case the court below granted a nonsuit and ordered judgment for defendant. Judgment was entered accordingly, from which this appeal was taken.

*Lawrence A. Olwell,* attorney, and *C. H. Van Alstine,* of counsel, for the appellant.

For the respondent there was a brief by *Quarles, Spence & Quarles,* attorneys, and *J. V. Quarles,* of counsel, and oral argument by *J. V. Quarles.*

KERWIN, J.     The controverted questions upon this appeal are (1) whether the accident which was the basis of the judgments paid by the plaintiff was covered by the policy, and (2) whether the judgments are a bar to this action.

1. On the 25th of August, 1910, defendant issued to plaintiff its policy of manufacturers' employers' liability insurance. This policy continued in force up to and including April 7, 1913. The liability of the insurer under the policy was limited on account of accidents resulting in injuries to one person to $10,000. There was excepted by the terms of the policy liability for injuries received by any person employed in violation of law as to age, or of any age under fourteen years where there is no legal restriction as to age of employment.

On October 9, 1912, the injured minor applied at plaintiff's plant for work, produced a permit in proper form under the statute, was hired, and put at work in the starch room of plaintiff's factory on the sixth floor. The permit was duly filed. Afterwards the minor was called to the fourth floor to work, where one Bennett was foreman, and as claimed by plaintiff was put at work in a safe place, while defendant claims he was put at work on a sizer, a dangerous machine, where he was injured April 7, 1913.

In the actions brought by the minor and his father against the plaintiff the jury found in substance that the minor was directed by the foreman, Bennett, to work upon the sizer; that Bennett permitted or suffered him to work upon the sizer; that the sizer was dangerous to life and limb of a person under sixteen years of age; that at the time of the injury the minor was engaged in a work that he was directed or permitted to pursue.

The plaintiff duly tendered the defenses in both actions against plaintiff to the defendant, respondent here, and it refused to assume the defense except on condition that it be not bound by the result, for the reason that it claimed the minor was employed by appellant contrary to law, hence the policy did not cover the injury to the minor complained of.

The plaintiff replied to the communication of defendant, saying that it would not consent to any defense under the reservation stated, but insisted that the defendant defend ab-

solutely or not at all, since it did not admit that the minor was employed contrary to law. The plaintiff further notified the defendant that if it did not defend without reservation plaintiff would defend in its own protection and look to the defendant to pay the judgment, if any rendered, expenses, and counsel fees attendant upon the defense. The plaintiff in its communication to defendant regarding the tender of defense said that it would insist that the defendant be bound and concluded by such judgment as might be rendered in the actions on the defense made by plaintiff.

The defendant refused to defend and waive its rights, and the plaintiff defended the two actions with the result before stated. It is without dispute that the minor was fifteen years of age at the time of injury.

The appellant contends that, assuming the facts found in the actions by the minor and his father against the plaintiff, the minor was not "employed" in violation of law because the original employment under the permit was lawful and that the policy of insurance covered all cases where the person came legally into the employ of the assured, and that the exception in the policy whereby the defendant excepted from its assumed liability injuries caused to any person employed in violation of law as to age, included only injuries sustained by persons so young that they could not contract, or who had contracted to do work which the law prohibited.

The argument is that, if the contract between the minor and employer at the date of the employment was legal, no subsequent use of the minor by putting him to work at a prohibited employment would be an employment in violation of law as to age within the meaning of the policy.

We think the construction contended for by appellant is too narrow. The statute as it stood at the time of the issuance of the policy read:

"No child under the age of sixteen years shall be employed in adjusting any belt or in oiling or assisting in oiling, wiping or cleaning any machinery when the same is in mo-

tion, . ⁄. . nor shall any such child be employed at or assist in sewing belts in any capacity or in the manufacture of paints, . . . nor in any tobacco warehouse, . . . or in any place where intoxicating liquors are made . . . or in any other employment dangerous to life or limb." Sub. 2, sec. 1728a, Stats. (Laws 1909, ch. 338).

Putting the minor to work at a machine dangerous to life and limb we think is an employment contrary to law. It seems clear that the legislature could not have intended otherwise, because the object of the law was to protect minors from employments dangerous to life and limb. It is urged by appellant that the subsequent amendment, by the addition of the words "required, suffered, or permitted," indicates a legislative intent to reach conditions not covered by the word "employed." Whether the addition of these words broadens the statute or was intended to make it more clear and definite we need not and do not decide. We think the word "employed" as it stood in the statute before amendment covers a case of putting a minor to work at a machine; that the putting him or directing him to work in such a place is an employment to work in such place.

In *Comm. v. Griffith,* 204 Mass. 18, 90 N. E. 394, it is held that the word "employ" as used in the child labor statute means "to use as a servant, agent or representative." See, also, *State v. Foster,* 37 Iowa, 404; *State v. Deck,* 108 Mo. App. 292, 83 S. W. 314. In *Buffalo S. Co. v. Ætna L. Ins. Co.* 136 N. Y. Supp. 977, at page 982 it is said:

"We think to put a person under sixteen operating a dangerous machine is employing him in violation of law. The word 'employ,' when used in the labor law and in the policy of insurance in question, has a broader meaning than the mere 'hiring' of a person. It means, rather, 'to have in service, to cause to be engaged in doing something.' Webster, Dict. To limit the meaning of the word to the mere act of hiring would operate to defeat the plain meaning and purpose of the statute and of the contract of insurance; and, while the section in question provides that children under six-

teen shall not be permitted to 'operate' dangerous machinery, it must be held that one so put at work is 'employed' in violation of law."

It is established that the plaintiff put the minor at work on the machine in question, viz. the sizer, and that such machine was dangerous to life and limb. The case of the minor against the plaintiff was appealed to this court and the decision of the trial court affirmed. *Kowalski v. American C. Co.* 160 Wis. 341, 151 N. W. 805.

2. The appellant insists that it is not estopped in the instant case from litigating with the respondent the question as to whether the minor was employed in violation of law.

The court below found that the minor was employed in violation of law as to age, and the jury in both cases found that the minor was directed by the foreman of appellant to work upon the sizer, and that the machine was dangerous to life and limb, and the decision on appeal in the case of the minor against appellant here was affirmed by this court. 160 Wis. 341, 151 N. W. 805.

It seems clear, therefore, from the record in the two cases referred to against the plaintiff on account of the injury complained of and the decision on appeal to this court that the minor was employed contrary to law, hence the injury was not covered by the policy. The only question remaining is whether the former judgments against the appellant are conclusive. We are of opinion that they are. The rule seems to be well settled that where the defense in an action is duly tendered to one who may under any aspect of the case be liable over to the party sued, the person to whom the defense is tendered and who has opportunity to defend becomes in legal effect a party to the action and is bound by the judgment. *Rowell v. Smith,* 123 Wis. 510, 102 N. W. 1; *Giblin v. North Wis. L. Co.* 131 Wis. 261, 111 N. W. 499; *Grunert v. Spalding,* 104 Wis. 193, 214, 80 N. W. 589; *B. Roth T. Co. v. New Amsterdam C. Co.* 161 Fed. 709.

The estoppel of the judgment in such case is mutual. So the judgments in the two cases against the plaintiff not only concluded the defendant in this action but the plaintiff here as well. *B. Roth T. Co. v. New Amsterdam C. Co., supra; Fulton County G. & E. Co. v. Hudson River T. Co.* 200 N. Y. 287, 93 N. E. 1052; *Rowell v. Smith, supra; Giblin v. North Wis. L. Co., supra; Grunert v. Spalding, supra.*

It follows that the judgment of the court below must be affirmed.

*By the Court.*—The judgment is affirmed.