## ENDERS et v CLARKE

Ohio Appeals, 1st Dist, Hamilton Co

Decided May 16, 1932

August A. Rendigs, Jr., Cincinnati, and Edward Lee Meyer, Cincinnati, for plaintiff in error.

D. D. Woodmansee and Nathaniel H. Maxwell, Cincinnati, and Ervin L. Bramlage for defendant in error.

HAMILTON, J.

It is argued in the brief, and is the sole point made here, that the judgment obtained by Clarke in the original action was based on agency; that Stanley Bailey who was driving the car at the time of the accident was the agent of Enders, and the terms and conditions of the policy and the contract of rental do not cover an agent; that coverage is limited to customer, his servants or employees, as specifically stated in conditions 6 and 7, above quoted.

It is argued that the relationship of principal and agent creates a larger, more comprehensive relationship than that of master and servant, or employer and employee. That the express terms limit coverage to the customer, his servants or employees, and are not broad enough to include an agent; that this limitation is placed in the contract for the purpose of preventing the customer or bailee from indiscriminately letting others drive the car under bailment.

There is much force in this argument, and we are of opinion, without further discussion, that liability is restricted to the customer, his servants or employees, and does not indemnify when the rented car is being driven by another, not the customer, servant or employee.

However, we have the situation that a final judgment was held by Clarke against Enders and all questions which were presented as issues in the case under the pleadings were determined by the jury.

The petition alleges:

"At said time and place one Stanley Bailey, acting by the authorization and direction of, and with the permission of defendant, Alexander Enders, and being in the service of defendant, was driving an automobile southwardly on Sycamore Street at a high and dangerous rate of speed, etc. * * *."

Thus, we have the allegation that Bailey was in the service of Clarke at the time of the accident.

"Service" is defined by lexicographers as "the state of being a servant; the position of a servant; employment in the interests of a person or a cause." This definition of "service" brings the relationship between Bailey and Enders clearly within the express terms of the policy and contract of rental. The machine was operated by Enders' servant or employee.

It is claimed that at the trial of the original case the evidence did not disclose the relationship of servant or employe, but disclosed the relationship of principal and agent, and the court charged the jury on that question.

It must be borne in mind that the verdict of the jury and judgment in that case is not subject to attack here. The allegation in the petition is that Bailey was in the service of Enders at the time of the accident. This was one of the issues in the original case. A motion might have been addressed to the petition requiring the petitioner to state the character of the service as between Bailey and Enders, but no such motion was filed. The case therefore went to the jury on that issue. The presumption is, therefore, that the jury found at the time of the accident and injury that Bailey, when driving for Enders, was in the service of the defendant, and, as we have before stated,

that service may have been as servant or employee. No interrogatory was submitted to the jury as to the character of the service, and this court is not at liberty to examine the evidence to ascertain the answer to that question. The judgment in the original case being res adjudicata of the issue that Bailey was in the service of Enders at the time, and that allegation bringing the assured within the protection of the policy, there was no error in the judgment of the Court of Common Pleas, finding in favor of Clarke and against the Corporation. The judgment is affirmed.

ROSS, PJ, and CUSHING, J, concur.