## ALABAMA TITLE & TRUST CO. v. MILLSAP.

### No. 7156.

Circuit Court of Appeals, Fifth Circuit.
June 20, 1934.

E. L. All and Kingman C. Shelburne, both of Birmingham, Ala., for appellant.

White E. Gibson and M. Leigh Harrison, both of Birmingham, Ala., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Pleading and proving eviction by final judgment of a court of competent jurisdiction, from premises described in a title insurance policy, appellee sued on the policy for the losses he had sustained. There were two defenses urged. It was claimed that the defect in the title which caused the eviction was within Schedule B of the policy, "a right or claim of a party in possession (not of record)," and therefore a defect not insured against. It was claimed too that for another reason the loss was one not insured against, because within clause 9 of the policy; one suffered "by reason of the fact that plaintiff was not a purchaser for value."

Plaintiff offered in evidence the eviction record, including pleadings, judgments, and opinions. This is what they showed: On or about September 24, 1923, one Pollak, owning the equity of redemption from a mortgage foreclosure, borrowed the amount necessary to redeem on a one-year note from Brown and Kinney. As security, a deed from the mortgagee to the lenders was escrowed with the bank, to be held "until the debt is paid," and, upon failure to pay the note at maturity, "to be delivered to grantees." The note not being paid on its due date, Kinney, who had Brown's deed, claiming that the right of redemption had been lost, got the bank to deliver the mortgagee's deed to him, and thereafter claimed the property as his own free of Pollak's right to redeem. In October, 1925, he conveyed it to Millsap, plaintiff in this cause. On August 18, 1926, Pollak filed the redemption suit, which, after six years of litigation, resulted in the judgment of eviction here sued on.

It was alleged by Pollak in the redemption suit, and found by the court, that Millsap acquired the title to the property from Kinney with notice of Pollak's right, and that he stood as to the redemption as Kinney did. It was also alleged by Pollak, but as to this no specific finding was made, that at the time Millsap attempted to acquire title from Kinney, Pollak was in the actual, visible possession of the property through his tenant and agent, Mays, and that Millsap was charged by such possession with notice of Pollak's rights. Plaintiff, in addition to offering the eviction record, proved that he had surrendered to the final judgment Pollak got, making his right of redemption absolute, and also proved his losses. He proved too, that immediately upon the filing of Pollak's bill he had advised Savage, the president of the defendant title company, of the suit; that together they went to the courthouse and together read the bill; and that he then advised Savage that he had purchased without notice of Pollak's rights. It was proven that, Savage becoming sick and dying, plaintiff went to the attorneys for the title company to get them to represent him in the suit, and, advised by them that they could not represent him, employed other counsel who defended the suit for him. Defendant proved by Mays that he took possession of the property as tenant of Pollak's before plaintiff purchased from Kinney. He proved too by Mays that though he had subsequently agreed with Kinney to attorn to him rather than to Pollak, he had never notified Pollak that he had done so, or that he had repudiated or abandoned tenancy under him. The only proof plaintiff offered as to Mays was that before he purchased he did not see or talk to Mays, that he did not know

there was any connection between Mays and Pollak, and that the talk he had with him was after the suit was brought. Though Kinney was in court at the trial, and pointed out by Mays in connection with his testimony as to his attorning both to him and to Pollak, neither Kinney nor any one else was put on to deny or discredit the unequivocal and circumstantial story Mays told of having attorned to Pollak and then to Kinney, without letting Pollak know that he had done so.

■ At the close of all the evidence defendant moved for an instructed verdict on the ground that the uncontradicted proof showed the cause of the loss to be not within the policy, both in respect of its being a defect arising out of "a right or claim of a party in possession (not of record)" and in respect of plaintiff's not being a purchaser for value and without notice. Contesting the first ground for instruction, plaintiff insisted that the evidence made an issue for the jury as to whether, in fact, Mays was in possession for Pollak. As to the second ground, contending that the undisputed proof showed that plaintiff was a purchaser for value, and that the exception of the policy relied on did not require him to be a purchaser without notice, plaintiff argued further, that if the policy could be read that way, it was still a question of fact for the jury whether plaintiff was a purchaser for value without notice. That though the eviction decree had expressly found that he was not, this decree was not binding as a mutual estoppel, because the title company had not, by undertaking the defense of it, made itself a party to the suit. That it was neither bound nor could bind plaintiff by the recitals in the decree.

The District Judge agreed with defendant that the policy provision, that the protection of the policy did not extend to one not a purchaser for value, required plaintiff not only to be a purchaser for value, but without notice. He thought though, that whether plaintiff had purchased with notice was, notwithstanding the finality of the eviction decree on which plaintiff sued, and its express finding that he had so purchased, still open for decision. He submitted it along with the question whether the title company had been notified of and had undertaken to defend the eviction suit so as to bind, and be bound by, the decree and findings. We think it clear that in doing this he submitted issues to the jury which were not in the case for submission. We think it cannot be doubted that both the title company and the plaintiff are mutually bound by the judgment in the

eviction suit, and that its mutual estoppel extends fully to all that it finds as its basis. The title company does not contend otherwise. It admits that it was bound by the decree. Plaintiff, having rested his case on it, may not deny that the recital in it, that he was a purchaser with notice, binds him. B. Roth Tool Co. v. New Amsterdam Casualty Co. (C. C. A.) 161 F. 709; American Candy Co. v. Ætna Life Ins. Co., 164 Wis. 266, 159 N. W. 917; Edinger & Co. v. Southwestern Surety Co., 182 Ky. 340, 206 S. W. 465; Enders v. Clark, 43 Ohio App. 253, 183 N. E. 83.

■ We agree with appellee though, that the error in thus making issues out of undisputed matters is one of which appellant may not complain, for it is quite clear that this exception in the policy does not extend to questions of notice. It is satisfied by proof that plaintiff was a purchaser for value, and this stands admitted on the record.

■ On the other defense, that the defect which caused plaintiff to lose title was "a claim of a person in possession," the District Judge agreed with the plaintiff's claim that the evidence made an issue of fact for the jury. Upon instructions submitting to them whether they believed Mays' testimony that he was originally Pollak's tenant he sent this issue to the jury. Appellant complained below and complains here of the submission of the issue. It insists that Mays' testimony being undisputed, there was no issue for the jury, and a verdict for it was demanded.

We think appellant is right. The rule is well settled that the uncontradicted testimony of a witness, not incredible in itself, nor impeached nor discredited in any way, to plain and simple facts capable of contradiction, ordinarily must be accepted as true by a jury. Mutual Life Ins. Co. v. Sargent (C. C. A.) 51 F.(2d) 4; C. & O. R. R. v. Martin, 283 U. S. 209, 214, 51 S. Ct. 453, 75 L. Ed. 983; Pa. R. R. Co. v. Chamberlain, 288 U. S. 333, 53 S. Ct. 391, 77 L. Ed. 819; Arnall Mills v. Smallwood, 68 F.(2d) 57. "That rule, but an application of the more general one, that it is the duty of the trial judge not to submit a case to the jury where there is no evidence on which they could base a verdict, * * * applies in cases where there is nothing in other evidence, nor in the tale itself, to furnish any basis for discrediting it, * * * and the case stands as those cases do where verdicts are instructed for the one side or the other because there is no evidence at all, or the evidence is all one way." Gib-

son v. So. Pacific Co. (C. C. A.) 67 F.(2d) 758, 762.

Defendant should have had the instructed verdict it asked for. The judgment is reversed, and the cause remanded, for further and not inconsistent proceedings.