### REMER v. CZAJA.
#### Civ. No. 917.

District Court, D. Maryland.

Jan. 25, 1941.

I. Duke Avnet, of Baltimore, Md., for plaintiff.

Jacob S. New and John O. Herrmann, both of Baltimore, Md., for defendant.

WILLIAM C. COLEMAN, District Judge.

This is a case arising under the Fair Labor Standards Act of 1938, 29 U.S.C.A. §§ 201–219. The action is brought under Section 18 to recover unpaid minimum wages and liquidated damages as provided in Section 16 (b), 29 U.S.C.A. §§ 216 (b) and 218. Defendant has filed a motion to dismiss the complaint on the ground that it fails to state a cause of action. The case is before the court on this motion, the effect of which is to admit as true the allegations of the complaint.

Briefly summarized, these allegations are that the defendant, an individual trading as Easton Hosiery Mills, at Easton, Maryland, was engaged in the manufacture of hosiery which he shipped in interstate commerce. The plaintiff was employed by the defendant as a hosiery knitter and had, prior to October 24, 1938, the date when the Fair Labor Standards Act went into effect, received as a pieceworker, wages at the rate of 55¢ per dozen of hosiery made by him or an average weekly wage of $40, but beginning on October 25, 1938 and until April 26, 1940 when the plaintiff ceased to be employed by the defendant, the latter reduced plaintiff's wages to 50¢ per dozen, thus reducing his weekly wage accordingly. Prior to the effective date of the Act, defendant paid helpers less than the minimum wage provided by the Act, but when the Act went into effect, increased the wages of these helpers to meet the minimum requirements and in order to do this, reduced plaintiff's wages. There has been no reduction, however, of the plaintiff's wages below the minimum requirements of the Act, nor have its overtime provisions been violated. Plaintiff claims $1,800,—namely $900 as additional wages due and a like amount as liquidated damages; also, an attorney's fee.

Section 16 (b) provides as follows: "Any employer who violates the provisions of section 206 or section 207 of this chapter [prescribing minimum wages and maximum hours] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." The last sentence of Section 18 of the Act, upon which plaintiff relies, is as follows: "No provision of this chapter shall justify any employer in reducing a wage paid by him which is in excess of the applicable minimum wage under this chapter, or justify any employer in increasing hours of employment maintained by him which are shorter than the maximum hours applicable under this chapter."

Jurisdiction to entertain the present suit results from Section 24, paragraph (8) of the Judicial Code, 28 U. S.C.A. § 41 (8), which gives to the District Courts original jurisdiction "Of all suits and proceedings arising under any law regulating commerce." The asserted basis for the enactment of the Fair Labor Standards Act is the power of Congress to regulate interstate commerce. Whether this power has, in fact, been constitutionally exercised is a question we need not consider in the present suit because we conclude, for the reasons we are about to state, that the Act affords the plaintiff no right of action.

Provisions covering both civil and criminal liability under the Act are embraced exclusively in Section 16 which has two parts,—paragraph (a) which prescribes the penalties for violation of the preceding section (15) and with which we are not here concerned; and paragraph (b) already quoted, which prescribes the character and extent of civil liability. This liability, it is to be noted, is predicated solely upon a violation of Section 206 or Section 207, namely, the sections prescribing minimum wages and maximum hours, no violation of which is charged in the present suit. Indeed, the entire criminal liability defined in Section 16 (a) is likewise predicated largely upon a violation of these same sections, but relates also to violations of a supplementary section (14) relating to learners, apprentices and handicapped workers, with which we are not here concerned; and of other sections relating to child labor and the maintenance of records, etc., with which, likewise, we are not here concerned.

In support of defendant's motion to dismiss, three major grounds are urged: First, that the Act provides no relief for violations of its Section 18; second, that Congress did not intend to "freeze" or otherwise to regulate wage scales above the minimum standard set by the Act; and lastly, that if Congress did intend to establish wage scales in excess of the minimums set by the Act, it has no power so to do.

While all three of these grounds appear to be tenable, the correctness of the first one is so patent that we prefer to rest our decision upon it. As already indicated, there is no provision made in the Act to cover violations of Section 18. The last sentence of that section upon which plaintiff relies is obviously very broad. If it be taken literally, its potentiality to destroy freedom of contract would be very great. It is conceded by counsel for both sides that little light with respect to this clause is to be gathered from a study of the Congressional Reports or debates at the time the Act was under consideration. The original bill authorized administrative action to prevent the possibility of a reduction of wages of employees presently paid more than the established minimum, in order to offset any required increase in the wages of those employed at sub-standard rates. But this provision was eliminated in the House and apparently an amendment which sought to meet such a situation failed of adoption after only cursory consideration; and the conference committee inserted the provision which became that part of Section 18 which is now under review. See

S. 2475, 75th Cong. 1st Sess. (1937) Sec. 12 (6) (7); H.R.Rep. 2182, 75th Cong. 3d Sess. (1938); 83 Congressional Record 7447 (1938); and H.R.Rep. 2738, 75th Cong. 3d Sess. (1938) 11. It thus appears that even though it may have been the intent of the proponents of this legislation that Section 18 should operate not merely as a declaration of policy but as a mandate, such intent is not expressed in the language employed. In short, we have no hesitancy in concluding that since Congress failed to include violations of Section 18 among the prohibitions of Section 15 (a) or to provide any civil or criminal liability under Section 16 with respect to Section 18, this section is not to be construed as limiting the reduction of wages so long as the reduction is not below the minimum prescribed by the Act.

Omitting consideration of the grave constitutional questions presented were plaintiff's construction of Section 18 to be adopted, assuming other parts of the Act to be constitutional,—although we are not to be understood as so deciding; and likewise, omitting a consideration of obstacles to the enforcement of Section 18 if so interpreted, such as the difficulty of proving that the employer relied upon some provision of the Act as the basis for the reduction in question, it is the duty of this court to construe the language of Section 18 in such manner as will make it consistent with the other provisions of the Act, if possible to do so. This may be done by construing the sentence of Section 18 which is before us as though it read as follows: "No provision of this chapter shall justify any employer in breaching a contract, otherwise binding upon him, with an employee, for the purpose of reducing a wage paid by him which is in excess of the minimum wage applicable under this chapter, apart from such contract, or justify any employer in breaching a contract, otherwise binding upon him, with an employee, for the purpose of increasing the hours of employment maintained by him which are shorter than the maximum hours applicable under this chapter, apart from such contract." In short, it is reasonable to construe the clause before us as setting up a barrier against employers using the Act as a ground for breaking actual contracts which entitle employees to wages higher than the minimum, or hours shorter than the maximum, provided by the Act. Conversely, of course, the employee would be entitled to have any contract reformed to the extent necessary to afford him the benefits of the wage and hour limitations in the Act, assuming the Act to be otherwise applicable. But in the present case, it is conceded that the plaintiff could be discharged at will. He was under no agreement which could not at any time, for any reason, be forthwith terminated. In other words, there was no contract except one to do piecework at the will of the employer.

The construction here given to the last sentence of Section 18 is consistent with the other part, that is, with the first sentence, of this Section, which provides that no provision of the Act "shall excuse noncompliance" by an employer with more rigid provisions of any other federal, or state law or municipal ordinance.

It is equally clear, however, that even if we give to the last sentence of Section 18 the construction here adopted, the Act affords no remedy to the plaintiff because, as already explained, Section 16 (b) has no application to it, and a remedy is not otherwise provided in the Act. Plaintiff might have redress only if the defendant had contracted to employ him on the alleged basis, and even then his right of action would not be under the Act, but at common law for breach of contract,—an ordinary suit for damages. In such a case, if the contract were otherwise binding, the employer could not set up the defense of the Fair Labor Standards Act. There would be no basis for a quantum meruit claim in a case such as the present one.

In the course of the argument various hypothetical situations have been suggested which seem to the court to indicate clearly the absurd results which might flow from adopting plaintiff's construction of Section 18. Summarized, the result of plaintiff's argument would be to destroy freedom of contract,—the right to discharge an employee at will,—provided only the minimum wage and hour provisions of the Act were met; and would produce, in fact, that very type of discrimination and inconsistency in wages and hours of employment which is one of the alleged evils the Act expressly seeks to prevent.

Counsel in the present case have stated that this precise question has not yet

been ruled upon in any reported decision. This appears to be true, although in the case of Reeves v. Howard County Refining Co., 33 F.Supp. 90, a quite recent decision of the District Court for the Northern Division of Texas, on facts somewhat similar to those in the present case, the same reasoning which we apply, was adopted, without, however, any specific reference to or discussion of Section 18.

Finally, it is appropriate to note that we are not unmindful of the fact that the Administrator under the Act has interpreted Section 7 (a), 29 U.S.C.A. § 207 (a), which requires overtime compensation for an employee at one and one-half times the "regular rate at which he is employed," as providing a so-called sanction for Section 18. That is, the Administrator has suggested that "regular rate" be interpreted as the wage in force on the effective date of the Act, so that reductions in violation of Section 18 will not be recognized in computing overtime pay. See Interpretative Bulletin No. 4. But see also 3 Labor Relations Reports 195 (October 17, 1938).

An order will be signed in accordance with this opinion, granting defendant's motion to dismiss the complaint.